### JAMES B. COLT *vs.* ELIZABETH H. COLT AND OTHERS.

A testator, by his will as originally executed, gave to his brother five hundred shares of certain stock for his life, and after his death to his children as an absolute estate, giving also other shares of the same stock to sundry other legatees ; and by a residuary clause of the will he gave all the remaining stock of that kind of which he should die possessed, *to the several persons to whom he had before given legacies of the stock, to be divided among them in the proportions in which the legacies of the stock had been given.* By a codicil the testator revoked the legacy of five hundred shares to his brother and his children, and gave the shares to another legatee, and by a later codicil revoked all prior legacies to the children of his brother. In a former case (32 Conn., 422,) it was held that the bequest to the brother of the share of the residue of the stock was not revoked. It was now further held that the interest which he took under that bequest was a life estate only.

The original will gave five hundred shares of the stock to a certain legatee. By a codicil this particular legacy was revoked and the same five hundred shares given to another legatee. Held, that this legatee took nothing under the residuary clause.

The original will gave "to each of my executors hereinafter appointed" fifty shares of the stock, and by a later clause appointed *D* one of the executors. By a codicil the appointment of *D* was revoked and *J* appointed in his place. Held, that *J* and not *D* took as legatee, under both the principal and the residuary bequest.

Legacies were given by the original will to certain children of the testator who were named, some of whom died before the death of the testator. Held, that the shares given to the deceased children, in both the principal and the residuary bequest, must be treated under the statute (Revision of 1866, tit. 20, sec. 6,) as intestate estate.

Colt *v.* Colt.

Executors are not chargeable with interest on unpaid legacies after one year as of course. They may be charged where interest is made by use of the fund or they have been guilty of misconduct.

In ordinary cases where dividends are declared on stock which is claimed to be specifically bequeathed and there is such doubt about the validity of the bequest that it is the duty of the executors to test that validity, they may safely leave dividends undrawn while the litigation is pending, unless the legatee procures some order for their delivery or investment.

But where the bequest was of shares in a joint stock corporation, nearly all the stock of which was owned by the testator, which was only a form in which he carried on his business, and which after his death was under the entire control of the executors, and during a litigation as to the validity of the bequest sundry dividends that were declared were left undrawn, it was held that if, on further inquiry by the court, it should be found that the money so left in the treasury of the corporation had not been set apart and left unused, but had been used in the business of the corporation with its other funds and had been productive to the estate, the estate should be charged with interest on the dividends.

BILL in equity, being the same case reported in 32 Conn. R., 422. The demurrer to the petition having being overruled in accordance with the advice of this court there given, the respondents filed a general denial of the allegations of the petition, upon which the superior court found the following facts.

The parts of the will of Samuel Colt relating to the petitioner and the several respondents, and upon which the questions in the case arise, are as follows; the original will being dated June 6th, 1856 :—

" I give, bequeath and devise to my wife, Elizabeth Hart Colt, a gross legacy of thirty thousand dollars. Also the use and improvement during her life of one thousand shares of the capital stock of the Colt's Patent Fire-arms Company.

     *       *       *       *       *

" Subject to the above devise and bequest, I give and devise said capital stock and lot and dwelling house above described to the children which shall hereafter be born to me in lawful wedlock, to have and to hold to them and their heirs, as an absolute estate in fee simple. I also give and devise to each of the children which may hereafter be born to me in lawful wedlock, five hundred shares of the capital stock of the Colt's Patent Fire-arms Manufacturing Company.

" To my brother James B. Colt, now of said city of Hart-

ford, I give and bequeath the use and improvement during his life of five hundred shares of the stock of said Colt's Patent Fire-arms Manufacturing Company, and after the death of my said brother to his issue lawfully begotten as an absolute estate. This bequest is on condition that the said James B. Colt shall waive and relinquish all claims and demands actual or pretended which he may have against me or against said Colt's Patent Fire-arms Manufacturing Company.

" I also give and bequeath to my executors and their successors in said office five hundred shares of the stock of said Colt's Patent Fire-arms Manufacturing Company, in trust for the issue of said James B. Colt lawfully begotten, the profits and dividends thereof to be applied to the education of his said issue, so far as the same may be necessary for that purpose, until the youngest surviving of said issue shall have reached the age of twenty-one years, when said stock and all accumulations thereof, if any, shall go to said issue in equal proportions as an absolute estate.

" I give, devise, and bequeath to Samuel Caldwell Colt, son of my late brother John Caldwell Colt, an annuity of two thousand dollars per year, until he shall arrive at the age of twenty-one years, for his support, maintenance and education; also when he shall have arrived at the age of twenty-one years a legacy of five thousand dollars in gross, and five hundred shares of the stock of the Colt's Patent Fire-arms Manufacturing Company. * * *

" To the children of my late brother Christopher Colt, I give and bequeath as follows :—To Isabella De Wolf Colt an annuity of seven hundred and fifty dollars per year, until she shall arrive at the age of twenty-one years, to be appropriated to her support, maintenance and education, and when she shall have arrived at the age of twenty-one years a legacy of twenty-five hundred dollars in gross, and also one hundred shares of the stock of said Colt's Patent Fire-arms Manufacturing Company. To each of the other children of my said brother Christopher Colt, I give and bequeath an annuity of five hundred dollars a year, until they shall respectively arrive at the age of twenty-one years, for their support, education

and maintenance, and to each of said children last named as they shall respectively arrive at the age of twenty-one years a legacy of twenty-five hundred dollars in gross, and also one hundred shares of stock in Colt's Patent Fire-arms Manufacturing Company, to have and to hold to them and their representatives and assigns forever.

" I give, devise and bequeath to Colonel Luther P. Sargeant, now in charge of my armory in London, if he shall at the time of my decease be still in my employ, or in the employ of the Colt's Patent Fire-arms Manufacturing Company, fifty shares of the stock of said company. * * *

" I give, devise and bequeath unto Elisha K. Root of said Hartford, if he shall at the time of my decease still be in my employ or in the employ of the Colt's Patent Fire-arms Manufacturing Company, fifty shares of the stock of said company.
\*       \*       \*       \*       \*

" I give, bequeath and devise to Milton Joslin of said city of Hartford, if he shall at the time of my decease be still in the employ of myself or of the Colt's Patent Fire-arms Manufacturing Company, fifty shares of the stock of said company.
\*       \*       \*       \*       \*

[Here follows a legacy of 2,500 shares of stock in the Colt's Patent Fire-arms Manufacturing Company, for the establishment of a school for the education of practical mechanics and engineers, which was revoked by a codicil to the will.]

" To each of my executors hereinafter appointed I give, bequeath and devise fifty shares of the stock of said Colt's Patent Fire-arms Manufacturing Company, and also to each a building lot from my land on the east side of Wethersfield Avenue in said city of Hartford. Said building lots are each about seventy-five feet in width and one hundred and fifty feet in depth, and are laid down and designated on the map above referred to and hereunto annexed, with the name of the executor for whom each of said lots is intended ; to have and to hold to each of said executors and his heirs the lot of land to him above designated, on condition that he shall within two years from my decease erect a good dwelling-house on

the lot so designated, and occupy the same with his family if he shall then have any.

" All the rest and residue of my estate, of every kind and description, not herein disposed of, I give, bequeath and devise as follows :—All the remaining stock of said Colt's Patent Fire-arms Manufacturing Company of which I shall die possessed shall be divided amongst the several persons and parties to whom I have hereinbefore given legacies of stock, in the ratio and proportion in which said legacies of stock are hereinbefore given. All my other residuary estate shall be divided amongst the several persons to whom I have hereinbefore given pecuniary legacies in gross, in the ratio and proportion in which I have hereinbefore given such pecuniary legacies ; meaning that my residuary estate in said stock shall be shared by the same persons to whom I have given specified legacies in stock and in precisely the same ratable proportions, and that my other residuary estate shall be shared by the same persons to whom I have given gross pecuniary legacies and in precisely the same ratable proportions.

" I hereby nominate and appoint my wife, Elizabeth Hart Colt, and my friends, Richard D. Hubbard and Henry C. Deming of said city of Hartford, to be executors of this will, with all such powers and authorities as may be necessary to execute the same ; and in case my wife shall decline this trust, I hereby nominate and appoint Richard W. H. Jarvis, of Middletown, Conn., in her stead ; and in case the office of either of said executors shall become vacant by death, resignation or otherwise, at any time thereafter, I hereby authorize and empower my surviving or remaining executors to nominate and appoint a successor to fill said vacancy. And to each of said executors, in compensation for services in the execution of this trust, I hereby give and bequeath, in addition to the legacy and devise hereinbefore given, one-fourth of one per cent. of the cash value of my whole estate."

A codicil executed on the 12th day of January, 1858, contained the following provisions :—

" I revoke and cancel, for reasons growing out of his late unbrotherly conduct toward me, the legacy of five hundred

shares of the stock of Colt's Patent Fire-arms Manufacturing Company, given in the aforesaid will to James B. Colt for life, remainder to his children ; and in lieu thereof I give and bequeath said five hundred shares of stock to the trustees named in said will for founding a school for practical mechanics and engineers, subject to the uses and trusts created in said will for that purpose.

" I give and devise to J. Deane Alden fifty shares of the capital stock of the Colt's Patent Fire-arms Manufacturing Company, in lieu of twenty-five shares named in said will, subject to the conditions named in said will.

" I revoke the appointment of Henry C. Deming as executor of this will, and in his place appoint my brother-in-law, R. H. W. Jarvis. And in case either of the executors of this will shall decline the trust, I appoint my friend William W. Eaton to fill such vacancy.

" I also revoke and cancel the legacy given in said original will to the children of my late brother Christopher Colt, so far as the oldest son of my said brother is concerned, and so far only ; and in lieu thereof I give and bequeath to said oldest son one-fourth part of what he would have received if the legacy to him in said original will had not been revoked."

A second codicil, executed on the 2d day of February, 1859, contained the following further provisions :—

" I hereby cancel and revoke the devise and legacy heretofore made in and by said original will and codicil to the Governor of the state of Connecticut and others, as trustees for the purpose of founding a school for the education of practical mechanics and engineers. My design is to abolish said devise and bequest.

" I hereby give and bequeath to each of the children of James B. Colt a legacy of one hundred dollars, and I hereby cancel and wholly revoke any and all other legacies or devises by me heretofore at any time made to or for the use and benefit of said children or any of them.

" I give to the eldest son of my brother Christopher Colt a legacy of one hundred dollars and no more, and all legacies heretofore made in his favor are cancelled and revoked ; and

I hereby give, bequeath and devise to the other children of my said brother (said eldest son not being included herein) the property, to wit: five hundred shares of the stock of the Colt's Patent Fire-arms Manufacturing Company, which in and by said original will· is bequeathed to my executors in trust for the use of the children of said James B. Colt, to have and to hold to said other children of the said Christopher in equal proportions. This last bequest is in trust for said children, and the property hereby bequeathed is to be held by my executors for said children in the same manner and subject to the same limitations as are provided in said original will in the bequest to the children of said James B. Colt. And I hereby confirm and establish said original will as altered, changed and modified by this and the previous codicil, as and for my last will and testament."

The various parties interested under the foregoing legacies or their representatives were made parties to the petition. Elizabeth Hart Colt, the widow, Richard D. Hubbard and Richard H. W. Jarvis, appointed executors by the will and codicils, accepted the trust and were proceeding with the settlement of the estate, which was represented insolvent. Samuel Colt, the testator, died at Hartford on the 10th day of January, 1862, leaving the will and codicils in full force. Milton Joslyn and J. Dean Alden, named in the will as legatees, died prior to the decease of the testator. The testator at his decease left surviving him one daughter, Henrietta Colt, a minor, who has since deceased, and the said Elizabeth Hart Colt is administratrix of her estate. The testator also left one son surviving him, Caldwell Hart Colt, a minor, and the said Elizabeth Hart Colt is the legal guardian of his person and estate. There were also two other children of the testator, viz. Samuel J. Colt and Elizabeth E. Colt, both of whom died without issue after the execution of the codicils and before the decease of the testator.

At the decease of the testator there were and now are in life sundry children of Christopher Colt, a brother of the testator who was then deceased, namely, the eldest son of the said Christopher, named in the will, and the said Isabella DeWolf Colt, and three children of the said Christopher then

minors under the age of twenty-one years, namely, LeBaron B. Colt, Edward D. Colt and Samuel Pomeroy Colt, of which minor children Theodora DeWolf Colt is the legal guardian, all of whom are residents in Hartford, but the said Edward D. Colt has since the last term of the court arrived at his majority.

The court of probate allowed the executors two years within which to complete the settlement of the estate. The inventory of the estate amounted to $3,257,644. The estate was never in fact insolvent, but has ever been worth a large sum above all claims against it and the expenses of settling the same. It is now settled that neither the stock claimed by the petitioner nor the dividends thereon are required for the payment of any of the debts, claims or expenses.

The Colt's Patent Fire-arms Manufacturing Company is a corporation established under the laws of the state of Connecticut, successfully and profitably employed both before and after the decease of the testator in the manufacture of fire arms. The capital stock of the corporation consists of ten thousand shares, of which the testator owned at his decease 9,996 shares. Since his decease the business of the corporation has been successfully conducted, and sundry dividends have been declared on its capital stock. These dividends were subject to the control of the executors but have not been drawn by them, and the executors have always refused to pay over or account for any part thereof to the petitioner, although often requested, for the following reasons. 1st. They were advised by counsel learned in the law specially consulted for that purpose, that upon a proper construction of the will and codicils James B. Colt took no interest whatever in the stock, or, if otherwise, that the nature and extent of his interest was so uncertain that the executors could not safely transfer the stock nor any interest therein, nor pay the dividends to him, until specifically advised by the judgment of the court in respect to the nature and extent of his interest. 2d. For the further reason that until within one year past it has been uncertain whether some portion of the stock would not be required for the payment of debts.

Just before the expiration of the two years originally limited for the settlement of the estate the executors applied to the court of probate for still further time in which to settle the estate, to which the petitioner objected, but the executors obtained an order of the court allowing them the additional term of one year, and since then the time has been still further extended by the court of probate by the consent of the petitioner, and the time thus extended has not yet expired.

The court upon these facts reserved for the advice of this court the following questions arising in the case :—

1. Whether the interest taken in the residuum by James B. Colt is a life estate or an estate in fee.

2. Whether he shall receive interest upon the dividends made on his residuary stock, and if so from what time.

3. Whether the legacies which the children of the testator who deceased in his life time would have taken had they survived him, lapsed, or are to be treated as intestate estate.

4. Whether the children of Christopher Colt take any share in the residuum of stock in respect to their legacy of five hundred shares given to them in the codicil to said will.

5. Whether R. W. H. Jarvis and H. C. Deming, both take a legacy of stock under the will, or only one of them, or neither of them.

6. What is the amount of the residuum of stock, and who are entitled thereto, and in what proportions.

*T. C. Perkins* and *C. Chapman*, with whom was *C. E. Perkins*, for the petitioner.

*O. S. Seymour* and *McFarland*, for the executors of Samuel Colt.

*N. Shipman*, for H. C. Deming.

*H. C. Robinson*, for the children of Christopher Colt.

BUTLER, J. To the first question reserved for our advice we answer that James B. Colt takes a life estate only. Such

was the clear intention of the testator when the residuary clause was written. He gave the residue of that stock to the persons and parties to whom he had therein before given such stock, and in ratable proportions. A ratable proportion was thereby given to the persons and parties to whom the five hundred shares were given, viz., James B. Colt and his children, to be enjoyed by a life estate in one and a remainder in the others. If there had been no revocation it would have been too plain for argument, that, as they were all parties to the original legacy, they must all take in like manner in the residuum. The revocation was not sufficiently broad to take away the interest of James B. in the residuum. It was broad enough to take away that of the children. But there is nothing whatever to show an intention to enlarge the interest of James B., and such could not be the legal effect of a mere revocation of the interest of the other parties. It is not material to inquire what disposition is to be made of that remainder. It is enough that it was a distinct estate carved out for and given to his children, and never intended for or given to him.

2. The answer to the second question must depend upon facts not stated, and to be found on further inquiry by the superior court.

Executors are not chargeable with interest on unpaid legacies after one year as of course. They may be charged where interest is made by use of the fund, or they have been guilty of misconduct. In ordinary cases where dividends are declared on stock which is claimed to be specifically bequeathed, and there is such doubt about the validity of the bequest that it is the duty of the executors to test that validity, they may safely leave dividends undrawn while the litigation is pending, unless the legatee procures some order for their delivery or investment. And in this case, if it had been a bequest of bank stock, the executors would have been justified in leaving the dividends undrawn. But this is a peculiar case. This corporation was practically the *creature* of the *testator*—a *form* for conducting *his business*,—and in effect it was under the entire control of the executors and a part of the assets of the estate in their hands. Dividends left in the business were presump-

tively used in the business and productive to the estate, and if that was so the estate should pay interest. It is for the court then by further inquiry to ascertain what the facts were; and we can only advise that if it shall appear that the dividends in question were, in good faith, separated from the mass of the earnings of the corporation, and were kept separate, and not used or in any manner made productive by the executors, directly or in the corporate business, no interest should be allowed. But if they were not thus in good faith separated, but were kept and used in the business, then such interest should be allowed as may seem just and reasonable.

3. The third question is free from doubt. It is the very case contemplated by our statute, and we advise that the legacies to the deceased children must be treated as intestate estate. Revision of 1866, tit. 20, sec. 6.

4. The fourth question must be answered in the negative. In giving a construction to the will we held that the residuum was given independently to the *persons* and *parties* to whom stock was therein before *given*. It follows logically that persons and parties to whom stock was not *therein before given* can not take under the residuary clause.

5. In respect to the fifth question, we are of opinion that Jarvis takes and Deming does not.

The executors are *parties* to whom a bequest is made of stock, before the insertion of the residuary clause. In that bequest they are not described as persons, but " as hereinafter appointed." We think it clear that it was the intention to give both the original and residuary legacies to those who should ultimately be appointed, and become parties by reason of their becoming executors when the will became operative. Jarvis became such a party, Deming did not. Moreover, the provision is compensatory, and clearly intended for those who should accept and perform the trust.

6. We advise that the amount of residuum of stock is five thousand three hundred and forty-six shares, of which Mrs. E. H. Colt takes . . . . $1149\frac{2}{3}\frac{1}{1}$

And we advise the superior court to decree accordingly.

In this opinion the other judges concurred.