LUCIUS W. SHEY'S APPEAL FROM PROBATE.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A will and its codicils, if there are any, is but the expression of a single testamentary act, which is not complete until the latest codicil is given appropriate, and in case of conflict, controlling effect.

A bequest in trust " to my executors hereinafter named," unless otherwise indicated in the will, attaches to the office and passes to those

who are finally nominated as such by the testator. Accordingly, if a codicil revokes the appointment of one of the two originally named and makes the other sole executor, the former has no interest in the bequest and cannot qualify as trustee.

Argued June 6th—decided July 13th, 1900.

APPEAL from an order and decree of the Court of Probate for the district of Bridgeport refusing to allow the petitioner to qualify as a testamentary co-trustee, taken to the Superior Court in Fairfield County and tried to the court, *Shumway, J.;* facts found and judgment rendered in favor of the petitioner, and appeal by the respondent Tracy for alleged errors in the rulings of the court. *Error and judgment reversed.*

The material parts of the will and codicils were as follows :—

## *Will.*

"*First.* I direct that all my just debts and funeral expenses and expenses of setting gravestone and placing suitable inscription on monument be paid out of my estate by my executors hereinafter named.

"*Third.* . . . The remaining one half of my said estate, I give, devise and bequeath, to my executors hereinafter named in trust, to pay over the income thereof to Annie Evelyn Shey, the infant child of my granddaughter Evelyn, and Rev. Lucius W. Shey, until said Annie Evelyn shall become twenty-five years of age, and upon her arriving at the age of twenty-five, then I give, devise and bequeath said one-half of my estate to said Annie Evelyn Shey, to her, her heirs and assigns absolutely and forever.

"I make, constitute and appoint Fred W. Tracy, of Bridgeport, Conn., and Rev. Lucius W. Shey, now of East Haddam, Conn., to be executors of this my last will and testament.

## *First Codicil.*

"In case of the death of said Annie Evelyn Shey before arriving at the age of twenty-one years, leaving no child or children surviving her, . . . I give, devise and bequeath the

sum of eight hundred dollars to Lucius W. Shey, father of said Annie Evelyn Shey, to be his absolutely.

### Second Codicil.

" *Third.* I hereby cancel and revoke . . . the bequest to Rev. Lucius W. Shey, contained in the 'Third' clause of said codicil of Sept. 5, 1896.

" *Fourth.* I hereby revoke the appointment of said Lucius W. Shey, as one of the executors of my said will, and I hereby direct that said Fred W. Tracy named therein to be. the sole executor of my said will and codicils thereto."

*Louis K. Gould,* for the appellant (respondent).

*Daniel Davenport,* for the appellee (petitioner).

BALDWIN, J. The testatrix made her "executors hereinafter named" trustees for her infant great-granddaughter, and then named two executors, one (the appellant) being the father of this child. By a codicil she provided for the death of the child under age and without issue, giving in that event $800 to the appellant. In a later codicil this legacy was revoked, and also the appointment of the appellant as an executor, a direction being added that the other whom she had named for that office should be the sole executor.

A will and its codicils, if there are any, are the expression of a single testamentary act. The different papers are to be read as constituting an entirety, which is not complete until the latest of them is given appropriate and—in case of conflict—controlling effect.

The term "hereinafter named," which the testatrix used to describe her executors, referred to those finally named by operative words. *Colt* v. *Colt,* 33 Conn. 270, 280. But one was thus finally named, and he was expressly made sole executor. The functions conferred upon the executors by the first article of the will plainly went with the office. The use of the same words of description, "hereinafter named," in the third article, indicates *prima facie* that the trust which it creates

was also attached to the office, and this presumption is strengthened by the fact that the revocation in the second codicil, of the appellant's appointment as executor, is accompanied by a revocation of the legacy in his favor. It was, therefore, properly adjudged by the Court of Probate that the appointment of Mr. Shey as trustee had been revoked, and so that he should not be allowed to qualify as such.

To retain his rights as a trustee, if he had any, it was necessary to appeal from this decree; but he had none, and therefore it should have been affirmed.

There is error; the judgment of the Superior Court is reversed and the decree of the Court of Probate is affirmed.

In this opinion the other judges concurred.