GEORGE LODGE, Executor of the Last Will and Testament of Mary B. Edwards, deceased,

*vs.*

ANNIE E. GRUBB, GEORGEANNA BIRD, JENNIE BIRD, HERBERT B. RENNIE, Administrator of Emma L. Rennie, deceased, FLORENCE M. ALEXANDER, CARRICK LLOYD, MARGARET LLOYD, ELEANOR LLOYD, MARION LLOYD, TILLIE LLOYD, BEULAH L. BROMALL, ELMER G. DUTTON, Administrator c. t. a. of Charlotte Beeson, ANNIE L. PARISH, EMMA PALMER, LAVINIA CLAIR, also known as Mary L. Clair, MARY WOOLFREY, FLORENCE SYDNEY, PHOEBE MOUSLEY, MARTHA BOOTH, formerly Martha Forwood, J. LEONARD LLOYD and SAMUEL LLOYD.

*New Castle, July* 22, 1925.

*Henry R. Isaacs*, for complainant.

*J. LaPenne Guenveur*, for legatees under the will.

*William H. Foulk*, for legatees named in the codicils.

THE CHANCELLOR. The pecuniary legatees named in the original will were such in a dual capacity, first, as beneficiaries of the particular legacies given respectively to each, and second, as proportionate sharers of the residue. There were thus two legacies given to each. So far were those two legacies from being dependent on each other, that if by a codicil the particular legacy to any one had been revoked, the legacy to that one of a share in the residue would, in the absence of an expressed intent to the contrary, have remained undisturbed. *Wetmore v. Parker*, 52 *N. Y.* 450; *Colt v. Colt*, 32 *Conn.* 422; *Id.*, 33 *Conn.* 270; *Hard, et al., v. Ashley*, 117

N. Y. 606, 23 N. E. 177. These cases rest on the principle that while a will and codicil shall be taken and construed together as parts of one and the same instrument, yet the dispositions of the will shall not be disturbed by the codicil any further than is necessary to give effect to the latter. There being a distinct gift in the will of an interest in the residue, it is not necessary to destroy it in order to give effect to a codicil which cancels only the bequest in the will of a particular legacy to the same person.

In the cited cases, the question was whether particular legatees named in the will were to be excluded by a codicil from those with whom the will had joined them as legatees of the residue because of the circumstance that the codicil had destroyed them as particular legatees. They were, it was held, not to be excluded from the residue. Here, we have the converse of that situation, the question being, not whether those who admittedly were once participants in the residue are still so, but whether those who never were by the will made participants in the residue may now become such because the testatrix by a codicil chose to give them something out of her estate in the form of a specific pecuniary legacy. The same principle which refuses to allow a codicil to change a will by depriving the residuary legatee of his distinct gift in such cases as those just cited, operates likewise in cases of the type now before the court to prevent the codicil from altering the will by adding persons unnamed by the will to those whom it designates as sharers of the residue. It is so held in the following cases: *Hall v. Severne*, 9 *Sim.* 515; *Herwood v. Overend*, 1 *Mer.* 23; *Alsop's Appeal*, 9 *Pa.* 374; ' *Gibson's Trusts*, 2 *J. & H.* 656, 70 *Eng. Reprint*, 1222. The only case which in any wise looks to the contrary, so far at least as I am advised, is *Shearer v. Bishop*, 4 *Bro. Ch.* 55, the opinion in which was expressed by Lord Commissioner Eyre. The report states that his associate commissioners "hesitated a good deal" to accede to his judgment, "doubting the construction," and Vice-Chancellor Shadwell refused to follow it in *Hall v. Severne*, *supra*, observing that the opinion attributed to Lord Commissioner Eyre in *Shearer v. Bishop* "seems a very extraordinary one."

When the testatrix by her will gave the residue of her estate "to the persons herein named as pecuniary legatees, and to their heirs, executors and administrators, to be divided among them

*pro rata* according to the amount of money herein respectively given and bequeathed to them," it was as though she had designated them over again *ipsorum nominibus* and named their *pro rata* shares. Her subsequent desire, as manifested by the codicils, to bestow a small portion of her bounty on others, is no indication that she meant such others to receive more than the sums indicated by the codicils. The codicil legatees do not fall within the description of those who are to take the residue under the will. To place them there would be given to them greater benefits than the only paper which ever mentioned them indicates they were to receive.

The foregoing answers the only question raised by the parties. Let a decree be prepared in accordance therewith.

NOTE.—Before a decree was entered in accordance with the foregoing, the complainant filed an amended bill seeking instructions upon other questions, respecting which an opinion is reported *post p*. 105.