THE COLONIAL TRUST COMPANY, TRUSTEE, *vs.*
CHARLES EDWARD PERRY ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 4th—decided May 1st, 1934.

*Terrence F. Carmody* and *Maurice T. Healey, Jr.,* for the plaintiff.

*Howard F. Landon,* with whom was *J. Howard Roberts,* for the named defendant.

BANKS, J.   Josephine Mitchell Perry died June 4th, 1922, leaving a will dated October 29th, 1907, and two codicils thereto dated, respectively, November 29th, 1916, and November 30th, 1917.   In her will she left the residue of her estate to her husband, Hermon Perry, her son, Charles Mitchell Perry, and her daughter, Mary J. Lamphier, providing, however, that "the share of my daughter Mary J. Lamphier at her death shall become the property of the son of Charles Mitchell Perry, called Charles Edward Perry, to be his and his heirs forever."   The will also provided: "It is my wish that my daughter use a part or the whole of the above, as may be necessary for her comfort."   At the time the will was executed the testatrix's son, Charles Mitchell Perry, had two sons, the Charles

Edward Perry to whom was left the remainder interest in the one third of the estate left to the daughter Mary for life, and Frederick Hermon Perry, who was not mentioned in the will. The testatrix's husband died in 1914, and she executed the first codicil to her will November 29th, 1916.

This codicil revoked the fourth paragraph of the will, which was the paragraph in which disposition was made of the residuary estate. It left half of the residue to the son Charles for life with remainder to the two grandsons, in equal shares, except that it was not to be delivered to them until they, respectively, became twenty-five years of age. In case of their father's death before they, or either of them, reached the age of twenty-five, it authorized the expenditure of so much of the principal as might be needed for their benefit until each arrived at such age. If either should die before reaching that age, his share was to go to his issue but if he died without issue to the survivor or to his issue. The other half of the residue was left in this codicil to the daughter Mary for life with the right to use the principal if her income was insufficient for her comfortable support. Subject to the life use of the daughter, this codicil gave $500 to each of two charities and the rest of this one-half portion of the residue to her issue, if any, in the absence of such issue to any legally adopted child of hers, and if there were no such issue or adopted child then to the testatrix's grandson Charles Edward Perry. The second codicil, which is set forth in the footnote, revoked

"In the fourth section of said first codicil I made certain gifts for the benefit of my two grandsons Frederick Herman Perry and Charles Edward Perry, directing that certain estate be held for their benefit under certain conditions and finally delivered to them to be theirs absolutely. I now hereby revoke so much of said codicil as provides that any of the principal so left for my said grandsons or to either of them, can be used for the benefit of either, and now will and

so much of the first codicil as provided that the grandsons should receive any of "the principal" of the estate to be theirs absolutely and provided that "the estate so given by my said codicil for their benefit shall be held in trust for them during their life time and the life time of the survivor of them," and then made disposition of the remainder interest.

The testatrix left surviving her the son Charles, the daughter Mary and the two grandsons, Frederick Hermon and Charles Edward. The daughter Mary died April 29th, 1933. The question submitted upon

direct that the income only be used for the benefit of either. And further I do hereby revoke so much of said codicil as gives to either of my said grandsons any of the principal of the estate so given for their benefit, or of either of them, to be theirs absolutely, and direct that in no event shall either of my said grandsons receive any of the principal of my estate as their own absolutely, but the estate so given by my said codicil for their benefit shall be held in trust for them during their life time and the life time of the survivor of them, the net income only being paid over to them or the survivor of them. These provisions shall apply to all the estate given for the benefit of either of my said grandsons under said first codicil to my said will. On the death of either of my said grandsons leaving issue such issue shall receive and have absolutely the estate so held for such grandson. In the death of either of my said grandsons leaving no issue then and in that event all the estate left in trust for the benefit of my said grandsons shall be held for the benefit of the survivor during his lifetime. In the event of the death of both of my said grandsons, leaving no issues then and in that event I give devise and bequeath all the estate so left for the benefit of my said grandsons as follows. One third part thereof I give to the American Board of Commissioners of Foreign Missions of Boston, Mass., for the general uses and purposes thereof, absolutely. One third part thereof I give to The Connecticut Bible Society, of Connecticut, for the general uses and purposes thereof, absolutely, the remaining one third I give to the Connecticut Temperance Union of Connecticut, for the general uses and purposes thereof absolutely. On the death, incapacity or refusal to act of both the trustees, named in said first codicil to my said will I hereby appoint the Colonial Trust Company of Waterbury, Conn., to hold and manage the estate left for the benefit of my said grandsons under said former codicil and as modified by this codicil. In all other respects I reaffirm my said will and said first codicil.

this reservation is whether the grandson Charles Edward is entitled to receive the entire net income from the portion of the estate left in trust with the daughter Mary, of which the plaintiff is now acting as trustee, or whether the two grandsons should each receive one-half of the same.

The will and the two codicils are to be read together as the expression of a single testamentary act. *Shey's Appeal*, 73 Conn. 122, 124, 46 Atl. 832. The language of a codicil will be held to revoke the provisions of the will or of a previous codicil only to the extent necessary to effectuate the intention of the testator. *Daboll* v. *Daboll*, 101 Conn. 142, 147, 125 Atl. 253. The first codicil expressly revoked the fourth paragraph of the will which disposed of the residuary estate. The husband of the testatrix had died, and this codicil divided the residuary estate into two portions instead of three, as in the will. Speaking generally, it left one portion to the son with remainder to the two grandsons and the other portion to the daughter with remainder to the grandson Charles Edward. The grandson Frederick was not mentioned at all in the will. In this codicil he receives a half interest in the portion of the estate in which his father had a life interest, but his brother Charles is preferred to him by receiving, in addition, the entire portion of the estate in which his aunt, Mary, had a life interest. After an interval of two years, the second codicil was executed by the testatrix. It revoked the provisions of the first codicil authorizing the expenditure of any of the principal held for the benefit of the two grandsons before they came into possession of their inheritance. It also revoked so much of the first codicil as gave to either of them an absolute estate in any of the property of the testatrix, but provided that "the estate so given by my

said codicil for their benefit shall be held in trust for them during their life time and the life time of the survivor of them, the net income only being paid over to them." The testatrix reaffirms her will and the first codicil except for the changes made in this codicil.

This codicil is not a revocation of the gifts made to the grandsons in the first codicil, but has the effect of cutting down to a life estate their interest in the portions of the residue given to them respectively in the first codicil as absolute estates. Such is the plain meaning of the language used, and we fail to find in the will or either of the codicils, or in the circumstances surrounding and known to the testatrix, anything which would indicate a contrary intention. The will and the first codicil disclose the intention of the testatrix to prefer the grandson Charles over the other grandson Frederick. Nothing appears in the stipulated facts which suggests any reason for a change in her attitude toward them which would lead her to give each an equal interest in the income of the entire residue after the life uses, and the language of the second codicil does not indicate an intention to do so.

The statement in the second codicil that its provisions "shall apply to all the estate given for the benefit of either of my grandsons under said first codicil to my said will" has apparent reference to the share of her estate which each was given in the first codicil, which share remained the same except that each received a life interest only in it instead of an absolute estate. Not only does this codicil nowhere revoke the gifts to the two grandsons made in the first codicil, but repeated reference is made to "the estate so given by my said codicil" and "the estate given for the benefit of either of my said grandsons under said first codicil," and the plaintiff is appointed "to hold and manage the estate left for the benefit of my said grandsons

under said former codicil and as modified by this codicil," clearly indicating the intention of the testatrix that the gift theretofore made to each grandson of a certain share in her estate should remain in force except that it was her will that neither grandson should receive "the principal" of the share so given him, but that it should be held in trust and the net income only paid over to him.

The Superior Court is advised that Charles Edward Perry is entitled to receive the entire net income of the estate left in trust to Mary Perry Lamphier, of which the plaintiff is now acting as trustee.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.