Testatrix made a will dated July, 1897, and by a will made in 1899 she specially revoked such will.   December, 1900, she executed a paper entitled "Codicil to the last will and testament of· Miss Ellen Campbell, which will bears date July 6, 1897."   This latter paper contained no revocatory clause.   *Held* a republication of the will of 1897, and that said will, as modified by the codicil, was effective as of the date of the codicil.

In the matter of proving the last will and testament of Ellen Campbell.   Application for probate of an instrument bearing date July, 1897, and codicil bearing date December, 1900.   Another instrument, bearing date July, 1899, was also presented.   Order granting the instrument of July, 1897, and December, 1900, to probate.

Arthur L. Andrews, for Archibald Campbell and David A. Thompson, executors.

A. Page Smith, for Home for Aged Men.

William L. Learned, for Albany Historical and Art Soc.

Rosendale & Hessberg, for Albany Hospital.

Hun, Johnston & Hand, for Charles H. Campbell.

FITTS, S.   The testatrix died at the city of Albany, N. Y., on the 11th day of December, 1900.   The petitioners herein presented for probate a paper alleged by them to be her last will and testament, bearing date the 6th day of July, 1897, together with a codicil thereto, executed on the 7th day of December, 1900, four days before her death.   After taking the depositions of the subscribing witnesses to the paper executed in 1897 and the codicil thereto, and before the entry of the decree admitting the will to probate, the petitioners filed in this court another paper, purporting to have been executed by the testatrix on the 19th day of July, 1899, by the express terms of which she assumed to devise and bequeath all of her estate, and to revoke all previous wills by her made.   A supplemental citation was thereupon issued to all parties in interest, and the depositions of the subscribing witnesses to said instrument were taken.   The matter for me now to determine is, which is the last will and testament of said deceased?   The estate involved aggregates about $135,000.   I find that at the time of the execution of these different instruments they were executed with all the formalities prescribed by law, and that at the time of the execution of each the testatrix had sufficient testamentary capacity, and was not under any undue influence.   The different instruments are all in the handwriting of Mr. David A. Thompson, of the firm of Thompson & Andrews.   It appears from the testimony that on the 7th day of December, 1900, at the request of Miss Campbell, Mr. Thompson called at her residence, and was there informed that she desired to make some alterations·to her will. He then requested its production.   She thereupon asked Miss ·Hen-

derson, who was performing the duties of a nurse, she then being ill, to produce a certain bag, and from that bag she obtained the will executed by her in 1897, and handed it to Mr. Thompson. Mr. Thompson then read to her the provisions of the will, and she made such suggestions as to alterations and changes as she desired to be made, he making a memorandum of the same upon the back of the will. The paper now offered as a codicil to the will was then drawn, embodying and carrying into effect her desires with reference to the disposition of her property, and such alterations and modifications as she wished to have made to her former will, and the same was thereupon executed with all the formalities required by law. The paper, as to its heading, is as follows: "Codicil to the last will and testament of Miss Ellen Campbell, which will bears date July 6, 1897." By the first item of her codicil she authorizes the Albany Hospital to use the sum of $50,000, theretofore bequeathed to it, in any way to secure the maintenance of a separate ward in said hospital for the treatment of cripples, and revoked the provision for the erection of a separate and suitable building, contained in her former will. By the second item of the codicil she revoked the sixth clause thereof, with reference to the erection of a monument to the memory of Sir Walter Scott, and then proceeded to make a number of pecuniary bequests to her relatives and friends. The will executed in 1899, by its provisions, revokes the will of 1897. The will of 1897 also contains a clause revoking all existing wills, but there is no revocation clause in the codicil. By the will of 1897 the Albany Art and Historical Society was bequeathed the sum of $5,000, and, in addition thereto, certain curios and valuable books. By the will of 1899 the pecuniary bequest to said society was revoked, and by said will the testatrix bequeathed to the Home for Aged Men the sum of $5,000, which bequest was not contained in the will of 1897 or the codicil thereto. The counsel for the Home for Aged Men contends that the will executed by the testatrix in 1899 is her last will and testament, while the counsel for the Albany Historical and Art Society contends that the will of 1897 and the codicil thereto, taken together, represent and constitute the last will and testament of said deceased.

The statutes of the state govern and determine the manner in which wills may be revoked, and are found in 2 Rev. St. p. 64, § 42, and are as follows:

"No will in writing, except in cases hereinafter mentioned, nor any part thereof, shall be revoked or altered otherwise than by some other will in writing or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence by his direction and consent; and when so done by another person, the direction and consent of the testator, and the act of such injury or destruction, shall be proved by at least two witnesses."

The will of 1897 was revoked by the will of 1899, and the question now to be considered is whether the execution of the codicil

to the will of 1897 revives it, and makes it speak as of the date of the publication of the codicil of December 7, 1900. I have reached the conclusion that the rule of law determining this matter is set forth in the case of Brown v. Clark, 77 N. Y. 369. In that case the testatrix, while unmarried, executed a will, and after her marriage executed a codicil to it, and by its terms reaffirmed the will, and the court there held that the codicil, having been executed with all the formalities required by statute for the execution of a will, operated as a republication of the will to which it referred so far as not changed by the codicil. And in commenting upon it, at page 376, the court says:

"Upon the authorities cited, it is clear that under the law in this state as it stood prior to 1830 here was a valid republication of the will in question by the execution of the codicil of December 7, 1876. The Revised Statutes changed in several respects the ceremonies to be observed in execution of wills, and among other things it is expressly required that the testator shall at the time of making or acknowledging his subscription to the will declare the instrument to be his last will and testament. 2 Rev. St. p. 63, § 40, subd. 3. There is nothing in this statute indicating that it was intended to change the rule that a codicil duly executed was a republication of the will. The codicil in the case of Van Cortlandt v. Kip, 1 Hill, 590, was executed after the present statute was enacted. It referred to the will executed in 1824, but did not in terms republish it, and made no reference to the lands acquired by the testator after the will was made; but the court held, in accordance with the law which existed before the Revised Statutes were passed, that the codicil was a republication of the devise in the will, and that the after-acquired lands passed to the surviving devisee. The Revised Statutes did not affect the construction of wills made before the chapter relating to wills took effect. 2 Rev. St. p. 68, § 70."

And the court, further commenting upon the case in Van Cortlandt v. Kip, says:

"This case seems to be a direct authority that the due execution and publication of a codicil is, under the Revised Statutes, as it was prior thereto, a republication of the will to which it refers. The codicil in this case refers to the will, and expressly adopts and reaffirms it. The testatrix, by publishing the codicil, published the will, which was clearly identified by the reference in the codicil and the extrinsic proof. It is established by a long line of authorities that any written testamentary document in existence at the execution of the will may, by reference, be incorporated into and become part of the will, provided the reference in the will is distinct, and clearly identified, or renders capable of identification, by the aid of extrinsic proof, the document to which reference is made."

And again, it was held in Re Miller, 11 App. Div. 337, 42 N. Y. Supp. 148, that:

"It is a well-settled principle that a will and codicil are to be considered together as one instrument; that a codicil duly executed, referring to a will, is a republication thereof, and the effect of such republication thereof is to bring down the will to the date of the codicil."

Again, in Brown v. Clark, quoting from 1 Jarm. Wills, 78, I find the following:

"A codicil duly attested communicates the efficacy of its attestation to an unattested will or previous codicil, so as to render effectual any devise of a freehold estate which may be continued in such prior unattested instrument. And further on, speaking of the incorporation of documents by

reference in the will. he says that this is permitted without violating the principle of the enactment, which requires an attestation by witnesses, the testator's intention to adopt the contents of such instrument being manifested by a will duly attested."

So that, in accordance with the authorities above cited, in my judgment, the will of 1897 and the codicil of 1900 constitute one instrument, and speak of the date of the execution of the codicil on December 7, 1900; and, such being the case, and the will of 1897 containing a clause revoking all former wills by her, I hold that its effect is to revoke the will executed in 1899. I have reached a conclusion in this matter contrary to what I anticipated at the time the matter was submitted to me, but, after a close reading of the case of Brown v. Clark, I am unable to arrive at any other result. Findings can therefore be prepared declaring that the will of 1897 and the codicil of 1900, referring to the same, is the last will and testament of said deceased, and revoking by its terms the will executed by her in 1899.

Decreed accordingly.