Testatrix executed a will in March, 1897, and another in September of the same year, and in April, 1900, on a separate sheet annexed to the March will, she executed a codicil, not referring to either will, but simply appointing a guardian for her grandchildren, which appointment was invalid, because their parents were living. *Held*, that the codicil did not republish the March will as of the date of the codicil.

In the matter of the probate of the last will and testament of Louisa Trost. Probate decreed.

William P. Martin, for proponent.

John J. Clancy, special guardian.

CHURCH, S.　Upon the offer for probate of the last will and testament of the deceased, the following facts appear: The last will bears date September 2, 1897. That the deceased executed a previous will in March, 1897. Each of these papers appears to be executed with the requisite statutory formalities. There is also a codicil, written on the back of the last sheet of the March will, which was executed on the 12th of April, 1900. The codicil does not, by its specific terms, state which will it refers to, nor does it, by its terms, republish either of such wills.

The question advanced by the contestants here is that the fact of the execution of such codicil upon the back of the first will amounts to the republication of that will as of the date of the execution of the codicil, that the last will is revoked, and consequently, therefore, the first will should be admitted to probate as the last will and testament of the deceased. By a recent decision of the court of appeals in Re Campbell's Will, 170 N. Y. 84, 62 N. E. 1070, it has been definitely settled that a codicil to a will, which, in its terms, refers to such will, operates as a republication of the same, so that such will should be deemed to date from the date of the execution of the codicil. In the Campbell Case, above quoted, the codicil, by express terms, stated that it was intended

as a codicil to the earlier will. In Kip v. Van Cortland, 7 Hill, 346, the court states as follows (page 349):

"It is perfectly well settled that a republication of a will by a codicil annexed to the will, or indorsed thereon, or referring to the will in such a way that there cannot be any doubt as to the identity of the instrument to which the codicil relates, as in this case, makes the will speak from the date of the codicil."

At page 350:

"The cases in England since the Revolution show that the law remains unaltered there, and that a codicil duly attested, annexed to or referring to the will, though such codicil relates to personal estate only, and expresses no intention as to republication, is in fact a republication of the will."

The special guardian herein, under the above decision, contends that the language in Kip v. Van Cortland (that a codicil annexed to a will is a republication of it) controls and governs in this case, but, from the peculiar facts in that case, it is apparent that there was no doubt as to the identity of the instrument to which the codicil related, and it is this very uncertainty which, it seems to me, does not bring this case within the case above quoted. The codicil in question is not written immediately following the will, on the same page, but is written on an adjoining sheet. It simply states that it is a codicil to her will, and its sole provisions provide for the appointment of a guardian of her infant grandchildren. This was an absolutely ineffective and invalid provision, as, being the grandparent, and their parents being still alive, she had no authority to direct who should be their guardian. To say, therefore, that a codicil which, standing by itself, is absolutely valueless, can have the effect of a republication of an earlier will, does not seem to me to be reasonable. Nor is there anything surrounding the execution of the codicil from which there can be gathered anything showing an intention to republish her first will and revoke the last. The notary who drew it states that she wanted a codicil made to her will, that she had this paper, and that he wrote the codicil upon it in the manner described. At that time this earlier will was simply a valueless piece of paper, which had been revoked by a subsequent will. It does not seem that the mere writing upon it, without showing any intention of republishing it, and revoking the second will, is sufficient to accomplish that purpose. The will dated September 2, 1897, is therefore admitted to probate.

Probate of will dated September 2, 1897, decreed.