an alleged refusal of defendant to accept fifty barrels of sugar alleged to have been purchased from plaintiff. The trial court dismissed the complaint at the close of the plaintiff's case, upon the ground that plaintiff's acceptance, or confirmation, of the order signed by the defendant was not signed by some responsible agent acting for and in behalf of the plaintiff. The Appellate Division reversed and ordered a new trial on the ground that a question of fact was presented which should have been submitted to the jury.

*Samuel S. Breslin* for appellant.

*Joseph F. Abbott* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Will of NEWELL CABLE, Deceased. BERTHA W. WILLIAMS et al., Appellants; JOHN G. MORE, as Executor, et al., Respondents.

*Will — revocation of provisions of codicils by subsequent codicil afterwards destroyed — destruction of revoking codicil did not revive revoked provisions — such provisions revived by subsequent codicils ratifying and confirming will.*

*Matter of Cable*, 213 App. Div. 512, affirmed.

(Argued January 13, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 2, 1925, which affirmed a decree of the Delaware County Surrogate's Court admitting certain writings to probate as the last will and testament of Newell Cable, deceased. The writing consisted of the will and eleven codicils. By another codicil, duly executed and published, but afterwards burnt by testator in the presence of witnesses, at which time he made the statement, " I have the thing back as I want it now," testator revoked certain provisions in codicils previously made. It was held that the burning of the codicil did not revive the revoked

provisions but that such provisions were revived by a clause in subsequent codicils reading: "And I hereby ratify and confirm my said last will and testament in every respect save in so far as any part of the same is inconsistent with this codicil."

*A. L. O'Connor* for Bertha W. Williams et al., appellants.

*Arthur E. Connor* as special guardian for Kenneth Rock et al., appellants.

*A. G. Patterson* and *John G. More* for respondents.

Order affirmed, with costs to respondents payable out of estate; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

EVA SCHWARTZ, Respondent, *v.* MARIE COLLE, Appellant.

*Negligence — landlord and tenant — injury to tenant from fall down stairs arising from defective stair covering.*

Schwartz v. Colle, 213 App. Div. 855, affirmed.

(Submitted January 13, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1925, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant in failing to keep the stairways of premises owned by her in a reasonably safe condition. The complaint alleged that while plaintiff, a tenant, was walking down the flight of stairs leading to the entrance to said building, her heel caught in the metal covering of the fourth step of the said stairway which was in a worn and bent condition and she was thereby caused to fall to the bottom and receive serious injuries. It was dark in the hallway at the time and when plaintiff's heel caught in the broken stair covering she lost her hold of the banister and fell.

*Moses Jaffe* for appellant.

*George F. Hickey* for respondent.