In the Matter of the Will of LAWRENCE B. VAN INGEN, Deceased.

Surrogate's Court, New York County, March 31, 1944.

*Donald T. Mullane,* special guardian for Lawrence B. Van Ingen, Jr., and another, infant remaindermen, for motion.

*Nicholas F. Lopes* for Vera K. Maxwell, legatee, opposed.

*Dwight, Harris, Koegel & Caskey* for Bradford B. Locke and another, proponents, opposed.

DELEHANTY, S. The will of deceased is dated September 1, 1938. A codicil thereto was executed by him on December 18, 1941. Still another codicil thereto was executed on September 29, 1943. The will and the codicil of September 29, 1943, were apparently in the custody of the attorneys' for deceased and were alone offered for probate as his will and were admitted as such by decree of this court heretofore made. After the executors qualified under the will they opened the safe deposit box of deceased and found in it the instrument dated December 18, 1941. This paper purports to make a gift of $25,000. If effective as part of the testamentary plan of deceased it will operate to diminish materially the interests of the wards of the special guardian. The latter has moved to dismiss a proceeding which the executors initiated for the probate of the paper of December 18, 1941. One of the witnesses thereto was and is without the State and on appropriate application a commission to take his testimony was issued. The motion of the special guardian is designed to effect suppression of the commission and dismissal of the supplementary probate proceeding on the ground that as a matter of law the tenor of the codicil of September 29, 1943, operates to void the intermediate instrument of December 18, 1941. In considering his application it is necessary to assume that proof can be made of subscription and due publication of the instrument of December 18, 1941.

The probated codicil of September 29, 1943, declares that it is a codicil to the last will and testament of deceased " dated the first day of September 1938." In its first paragraph this codicil states that " in addition to the bequest contained in my last will and testament " a sum of $10,000 is given to a niece. It then revokes an article of " said last will and testament " and provides " in lieu thereof " for certain dispositions of property " to have the same force and effect as if they were contained in my original will ". In the final paragraph of the instrument of September 29, 1943, deceased said: " In all other respects I hereby ratify, reaffirm and republish my said last will and testatment, made; published and declared the 1st day of September, 1938."

For support of his legal position that the intervening codicil is null, the special guardian relies on the case of *Matter of Campbell* (170 N. Y. 84, affg. 67 App. Div. 627, which affd. 35 Misc. 572). In the cited case the testatrix executed a will on July 6, 1897. Thereafter, on July 19, 1899, she executed another will which in terms revoked the will of 1897 and rendered it wholly inoperative. Later, on December 7, 1900, deceased executed an instrument which she declared to be a "codicil to the last will and testament of Miss Ellen Campbell, which will bears date July 6, 1897." The codicil made no reference to the will dated and executed in 1899. It referred in terms to some provisions of the will of 1897 and modified them. It revoked others of them and then added some additional provisions for legacies.

The question presented in the *Campbell* case was whether the instrument of 1899 was revoked and whether the instrument of 1897 and the codicil of 1900 constituted the last will and testament of deceased. The Surrogate held that the will of 1897 had been republished by the codicil of 1900 and made a decree admitting it and the codicil as deceased's will. The decree refused probate to the 1899 paper. In discussing the result reached by the Surrogate (which was unanimously affirmed by the Appellate Division) the Court of Appeals first held that the execution of the codicil revived and republished the still existent earlier instrument of 1897. The court then went on to say that the fact that "there intervenes, between the will referred to in the codicil and the codicil itself, another will, executed by the testatrix and, in terms, revoking other wills, does not affect the result; because the codicil to the earlier will implies its existence and effects, impliedly, if not expressly, the revocation of the intermediate will." After saying that the proof was clear that Miss Campbell intended to re-establish her earlier will the court says: "Equally clear, too, should it be that the *testatrix purposed the abandonment of her second will. There is no reason in the law why her manifest purpose should not be given effect.* The object of the Statute of Wills is to effectuate that which is proved to be the last will of a deceased person. * * * When a codicil is executed * * * the will, to which it is shown to be the codicil, if itself an existent and a completed instrument * * * is taken up and incorporated; so that the two taken together are deemed to, and necessarily do, express the final testamentary intentions. In such a case, it must, logically and manifestly, follow that any other will, or codicil. prior in date to the codicil

in probate, is revoked and the presence of express words to that effect, in the codicil, is unnecessary." (Emphasis supplied.)

Among the authorities cited in the *Campbell* opinion (*supra*) is the English case *In the Goods of Reynolds* (L. R. 3 P. & M. 35). In that case a will had been executed in 1866 and a codicil thereto in 1871. In the latter year another will was executed *which revoked all prior wills and codicils.* The next year, 1872, an instrument was executed which was entitled: " a codicil to the will * * * dated May, 1866." The codicil of 1872 and the will of 1866, revived by the codicil, were probated as the last will. The codicil of 1871 was held not to be revived, the court saying: " *At the same time there is nothing to shew that he also intended to revive the codicil of May, 1871* ". (Emphasis supplied.) Thus the decision whether or not the already voided codicil of May, 1871, was *revived* turned on the finding of intention just as did the *revocation* found in the *Campbell* decision.

In the *Campbell* case the intent of the testatrix was found to include an intent to revoke the intervening will because the combination of the provisions in the revived will and those in the codicil which republished it disposed of deceased's estate, thus bringing into play the rule that a later instrument which disposes of an estate operates as a revocation of all earlier instruments. So, too, in the *Reynolds* case the dispositions by way of codicil and revived prior instrument made inappropriate to deceased's testamentary plan a *revival* of an *already revoked* instrument. The controlling question being one of intent, the problem which here faces the court is to ascertain, if it can, what was the intent of this testator.

There is no word of revocation of any paper whatever to be found in the second codicil. There was no occasion for it to speak of revival of a revoked paper, of course, since no earlier paper had in fact been revoked theretofore. There is nothing in the handling of the intermediate paper itself which would indicate any intention to revoke it. It was placed by deceased in a safe deposit box and kept there in safekeeping until his death. The only inference to be drawn from that fact is that he regarded it as an instrument of importance when he deposited it and it is a fair inference that he regarded it as of continuing importance since he did not remove it from his box. The paper of December 18, 1941, is written entirely in deceased's own hand except for the writings of the witnesses in subscribing their names. It is entirely consistent with the appearance of

the paper and the fact that deceased kept it in his box until he died, that he had a purpose to keep this intended benefaction to himself and not to disclose it to his lawyers. He quite evidently took considerable pains with the document in the sense that he wrote it himself and got the witnesses thereto and then carefully put it away. His later codicil should not be held to effect a revocation of a paper so prepared and so preserved unless *as matter of law* the court must hold that the execution of the later paper and its reference to the earlier will by date is conclusive proof of an intent to revoke.

The court does not believe that it is bound to so interpret *Matter of Campbell* (*supra*). The language of the opinion in that case contains text which supports the special guardian's argument, if considered apart from the factual background of the record in that case and if considered apart from the other comments of the court as to its reason for reaching the result it did. That the Court of Appeals has not adhered rigidly to the language employed by it in the *Campbell* case is evidenced by its affirmance of the decree in *Matter of Cable* (123 Misc. 894, affd. 213 App. Div. 512, affd. 242 N. Y. 510). In the *Cable* case there were involved a will of 1912 and twelve codicils executed at intervals up to the year 1923. In six of these codicils there was a recital that the respective codicil was a codicil to the testator's last will and testament bearing date January 15, 1912. The final paragraph of each of these six codicils said: " And I hereby ratify and confirm my said last will and testament in every respect ". The so-called eleventh codicil was the last one extant. A so-called twelfth codicil was intermediate in date between the date of the will and the date of the tenth codicil. It had been physically destroyed by the testator with intention to revoke. The question presented was whether the court should admit as the last will and testament of deceased the original will and the eleven extant codicils (omitting the revoked one). In considering the effect of what deceased did, the court held that the destroyed codicil had not been revived but that others which had been revoked by text in codicils later in date had in fact been revived by publishing of the tenth and eleventh codicils. The court held that it had no doubt of what the testator's intention was as to what constituted his will, and then continued: " * * * this plain intention, no law or statute forbidding it, we conclude should be made effective." (213 App. Div. 512, 517.)

The special guardian correctly points out that there are distinguishing features in the *Cable* record and that the most

important of these distinguishing features is the fact that all of the testamentary papers (other than the one destroyed) were fastened together as they were executed and were never detached up to the affixing of the latest of the codicils. It is true also, as the special guardian points out, that in some of the codicils there was specific ratification of earlier *codicils* as well as of the will. The prime importance of the *Cable* case and of its affirmance, though without opinion by the Court of Appeals, is the fact that the court searched for and validated the ascertained intent of the testator. Affirmance in the Court of Appeals establishes at least this proposition also — that the mere combination of a will and of a codicil referring to it by date does not necessarily operate to cancel codicils intervening between the date of the will and the date of the codicil which so mentioned it. The affirmance in the *Cable* case (*supra*) suffices to make clear that in the *Campbell* case (*supra*) the court was not laying down *a rule of law* to the effect that an express reference to a will by its date requires a holding that only it and the latest of the codicils so referring to it are to be deemed the true will of deceased. The case means that the intention of the testator is to be sought for and when ascertained is to be made effective.

It is the consensus of the authorities that the republication of a will comprehends the republication of all codicils thereto (40 Harv. L. Rev. 71, 80–82; *Smith* v. *Livermore,* 298 Mass. 223; *Manship* v. *Stewart,* 181 Ind. 299; *Loveren* v. *Eaton,* 80 N. H. 62; *Crosbie* v. *MacDoual,* 4 Ves. Jr. 610, 616). If this instrument of 1943 had referred merely to a confirmation of deceased's last will, it would definitely have effected a ratification and republication of the intermediate codicil of 1941. The court cannot say on this record that there existed in deceased's mind at the execution of the 1943 codicil any concept of a distinction between a ratification of his testamentary intentions contained in his will and first codicil and a ratification merely of his original will. In the circumstances here present it is more reasonable to ascribe the reference to the date of the will to the initiative of the draftsman rather than to that of deceased.

The leading English case of *Green* v. *Tribe* (9 Ch. D. 231) discusses with great clarity the problem presented here. The case (p. 234) poses the question precisely as it is posed by the motion of the special guardian. The opinion says this: " Assuming a testator to have made a will, to have made a first codicil modifying that will, to have made a second codicil describing his will by the date which the original instrument

bore, and confirming that will, but observing an absolute silence with regard to the first codicil, what is the effect of the second codicil? Does it revive the first will as it originally stood, or does it confirm the original will as modified by the first codicil? '' After so stating the point to be decided the court discusses a number of English cases and comes to the conclusion that the second codicil did not revoke the first one, and that under the facts in the case before the court certain property passed according to the will and the first codicil read together, and not according to the will alone. Again in *Follett* v. *Pettman* (23 Ch. D. 337) the court held valid and effective a second codicil though a later codicil had been made which referred to the will by date. Here the court said in respect of the question before it, to wit, whether the second codicil was destroyed by the third: '' The question of revocation has always been treated as a question of intention * * * ''. The court concluded that the total absence of reference to the second codicil did not show an intention to revoke it '' with sufficient clearness to enable the Court to reject the devise thereby made ''. While these English cases are not here controlling, they illuminate the subject and are quite in accord with the views of our court so far as they have been expressed.

Since the text of the codicil of 1943 is not essentially contradictory of the plan of the prior codicil of 1941, the court holds that the latter has not been revoked by the former. The court finds no intent on the part of deceased to work such a revocation. The court is of the view that no absolute rule of law has been established by *Matter of Campbell* (170 N. Y. 84, *supra*). It is of the view that unless by express terms or necessary implication an intervening testamentary paper is shown to be revoked, the operative principle should be that it is deemed to be republished by a later testamentary paper though the latter refers to a republication of the original will only.

Accordingly, the motion of the special guardian is in all respects denied. The court reiterates that it has dealt with the problem on the basis of an assumption that adequate proof will be made of due execution and publication of the first codicil. The court has not held whether in the facts before it there is any proof of republication of the first codicil by the second. It has decided in the negative only the single question whether at this point the proceeding should be dismissed and the commission issued to take the deposition of a witness suppressed.

Submit, on notice, order accordingly.