In the Matter of the Construction of the Will of CATHERINE R. MILLER, Deceased.

Surrogate's Court, Monroe County, October 8, 1951.

*Joseph H. Corcoran* for Union Trust Company of Rochester and others, as executors of Catherine R. Miller, deceased, petitioners.

*Robert H. Antell* for People's Rescue Mission of Rochester, respondent.

WITMER, S. Construction is sought herein of the effect of a provision in the second codicil which revokes three residuary legacies contained in the original will, but which fails to mention the first codicil in which two of said three residuary legacies had previously been revoked and wherein the testatrix had substituted in lieu thereof general legacies of $1,000 each. The will was made on May 21, 1942, the first codicil on August 7, 1948, and the second codicil four months later on December 8, 1948. All of these instruments were drafted by testatrix'

attorney. It is apparent that the first codicil, or a copy of it, was used in preparing the second, because paragraphs " FOURTH ", " FIFTH " and " EIGHTH " of the latter are identical in verbiage with paragraphs " SECOND ", " THIRD " and " FIFTH " of the former, except for the omission of four words in paragraph " FIFTH " of the second codicil, and even the verbiage of the two revoking paragraphs in question is similar. In the first codicil, paragraph " FOURTH ", testatrix provided: " FOURTH: I also hereby revoke the provision made in Paragraph ' Sixth,' of my said Will for the SALVATION ARMY OF ROCHESTER, NEW YORK, and PEOPLE'S RESCUE MISSION OF ROCHESTER, NEW YORK, by omitting them as residuary beneficiaries, and in lieu thereof, I hereby give and bequeath to each of said organizations the sum of One Thousand Dollars ($1,000.00)."

In the second codicil, paragraph " SEVENTH ", testatrix provided: " SEVENTH: I also revoke the provision made in paragraph ' Sixth ' in the residuary clause of my said Will for the Salvation Army of Rochester, New York, The Hillside Home for Children of Rochester, New York, and People's Rescue Mission of Rochester, New York, by omitting them as residuary beneficiaries, and otherwise, the provisions contained in said paragraph of my said Will shall remain the same as therein set forth."

It is a fundamental principle that a testamentary instrument does not destroy or modify a provision in an earlier will or codicil thereto except insofar as the later instrument is inconsistent with the former, and in the absence of a provision expressly revoking the former. (*Herzog* v. *Title Guar. & Trust Co.*, 177 N. Y. 86, 91–97; *Matter of Graves*, 194 Misc. 394, 400.) Moreover, where a codicil ratifies a will and is silent as to intervening codicils, the latter are also deemed ratified thereby except insofar as they are inconsistent with the ratifying codicil. (*Matter of Cable*, 242 N. Y. 510.) Thus, the two $1,000 general legacies provided for in the first codicil must stand unless it is clear from the second codicil that the testatrix meant to revoke them.

In this connection the last clause of paragraph " SEVENTH " of the second codicil is important. Following the revoking provisions of said paragraph, testatrix added " and otherwise, the provisions *contained in said paragraph of my said Will* shall remain the same as therein set forth." (Emphasis supplied.) Testatrix thus made it clear that she intended said three legatees to be removed as residuary legatees. But she made no

reference to the substituted legacies; and there are reasons why said quoted clause may not be held to constitute a revocation of the two general legacies in the first codicil. First, in paragraph " SIXTH " of the original will, modified by the codicils, testatrix provided only for residuary shares. Hence by reaffirming paragraph " SIXTH " as changed by eliminating certain residuary legatees, testatrix only established who should receive the residue. Secondly, and importantly, the revoking provision in the second codicil removed an additional residuary legatee from paragraph " SIXTH " of the will, and it may reasonably be said that by repeating the names of the two residuary legatees previously removed by the first codicil and by adding in the second codicil the clause above quoted, testatrix merely wished to clarify the status of said original residuary clause.

At any rate, the principle that a testamentary gift may not be implied unless it appears that the testator's intent to make it is so clear " as to leave no hesitation in the mind of the court and to permit of no other reasonable inference " (*Bradhurst* v. *Field,* 135 N. Y. 564, 568; *Post* v. *Hover,* 33 N. Y. 593, 599; *Matter of Ward,* 63 N. Y. S. 2d 125, 129, affd. 271 App. Div. 1053) operates in reverse also; and a valid testamentary gift may not be held revoked by a later testamentary provision in the absence of clear expression or implication of intent to revoke. (*Matter of Forde,* 286 N. Y. 125, 129; *Tillman* v. *Ogren,* 227 N. Y. 495, 505; *Banzer* v. *Banzer,* 156 N. Y. 429, 435; and see *Dewitt* v. *Yates,* 10 Johns. 156, 158; *Southgate* v. *Continental Trust Co.,* 36 Misc. 415, affd. 74 App. Div. 150, affd. 176 N. Y. 588; *Matter of Kellogg,* 156 Misc. 703; 3 Butler on New York Surrogate Law and Practice, § 1955, and 6 Jessup-Redfield on Surrogate's Law and Practice, § 4690.)

It is held, therefore, that the two general legacies of $1,000 each to the Salvation Army of Rochester, New York and People's Rescue Mission of Rochester, New York, contained in paragraph " FOURTH " of the first codicil have not been revoked by the second codicil and are valid legacies.

Submit decree accordingly.