## CARSON v. MEADOR.

### No. 16117.

United States District Court,
S. D. California, Central Division.

April 7, 1954.

Cannon & Callister, by David H. Cannon, Los Angeles, Cal., for petitioner.

Laughlin E. Waters, U. S. Atty., for the Southern Dist. of Cal., by Max F. Deutz and Richard A. Lavine, Assts. U. S. Atty., Los Angeles, Cal., for respondent.

TOLIN, District Judge.

The present adjudication is upon respondent's motion to dismiss Petition For Declaratory Judgment.

■ The petition recites that petitioner, now a resident of this District, was convicted of an offense in the District Court in Memphis, Tennessee. Upon that conviction he was sentenced to, and did serve, a term of years in an institution. He was granted conditional

release from the United States Penitentiary at Atlanta on October 28, 1950. The Order of Conditional Release recited as of that time that he was entitled to certain deductions from his term of imprisonment, and petitioner now claims a right to certain additional credits. He alleges that by reason of provisions of Section 4164, Title 18 U.S.C.A., and a proper computation of his sentence in the light of said credits, he should now be released from parole supervision. There is no allegation that he has ever asked to be so released and under the rule that administrative remedies must be exhausted before Judicial remedies arise in such cases, he has not stated a cause for relief even if the Court otherwise has jurisdiction. Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Florentine v. Landon, 9 Cir., 206 F.2d 870. His petition contains an allegation that he has not violated any of the terms of his release, and concludes with a prayer for declaratory relief. The Court is asked to review the orders of the Board of Parole and the effect of petitioner's alleged conduct while on conditional release. Petitioner urges that there should be an adjudication that he is now entitled to unconditional release from *all parole supervision*. This is the only relief he seeks. The only respondent sued is Calvin H. Meador, Chief United States Probation Officer, Southern District of California. Respondent has moved the Court to dismiss the petition and action on the basis that the petition fails to state a claim upon which relief can be granted and for non-joinder of indispensable parties to the action, i. e. the members of the United States Board of Parole.

■ The problem of the Court is simplified by the very definite and limited nature of the relief sought. Had petitioner alleged that the Probation Officer is maintaining a parole supervision contrary to law, and petitioner sought an injunction against such unauthorized supervision, the Court would have to inquire whether the Probation Officer had mis-conceived his duty and if the supervision being exercised now, and threatened for the future, be unlawful. If so, this Court would enjoin it for no local officer of the United States can hide behind a claim of non-joinder of his superior officer when the relief sought is entirely injunctive and undertakes only to prohibit the local arm of the agency involved from doing an unlawful act. That this may create confusion within the administrative agency by having the Court say "Don't" at the same time the officer's superior administrator in Washington says "Do", is no answer, for the Court can always discharge its equity power to restrain an *ultra vires* act. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Navarro v. Landon, D.C.S.D.Cal., 106 F.Supp. 73—Byrne; Koepke v. Fontecchio, 9 Cir., 1949, 177 F.2d 125.

That courts may exercise such jurisdiction in proper cases, does not rest, as petitioner asserts on the inequity of forcing all litigants to go to the Capitol where heads of administrative agencies have their headquarters and perform their official duties, but because the relief requested in such cases is merely to prevent enforcement of an order rather than to modify or revoke it. Hence the department head who issued the order is not, in such cases, an indispensable party since the Judicial relief sought would merely prohibit the subordinate in the field from acting in accordance with the order.

■ By the sentence, petitioner was committed "* * * to the custody of the Attorney General of the United States or his authorized representative,[1] * * *" for a term of years. The period of commitment to custody was fixed by the District Court in imposing sentence. Thereafter the actual period of incarceration may be reduced by the United States Board of Parole which is vested with power to grant parole under

[1] Title 18 U.S.C.A. § 4082.

certain circumstances. Title 18 U.S. C.A., §§ 4164, 4202 and 4203. The theory of the petition is apparently that the Court should modify some order made by the Board of Parole under these Statutes. Although the Court could, if asked, (which this Court is not) restrain the enforcement by the Probation Officer of this District from enforcing an order in excess of the jurisdiction of the Board of Parole, the Court in this District does not have jurisdiction over the Board of Parole or its members concerning their functions at the seat of government. The Court cannot revise an order of that Board. The Board of Parole is in the Executive Branch of the Government and our duty is strictly judicial. No opinion is expressed as to whether the parole supervision of petitioner is proper or excessive.

As this action does not seek injunctive relief, it must be dismissed. The United States Attorney will present an appropriate order under Local Rule 7.