In the Matter of the Probate of the Will of HENRY D. MERCER, Deceased.

Surrogate's Court, New York County, February 4, 1955.

*Lawrence E. Brinn* and *Peter F. De Gaetano* for Paul W. Havener, proponent.

*John M. Foley, Saul D. Kassow* and *Albert A. Blinder* for Albert Mercer, contestant.

*Saul S. Meyers* and *Irving Jacobson* for William Mercer and another, contestants.

FRANKENTHALER, S. On January 23, 1951, decedent executed an instrument, in the form of a will, which had been prepared for him by his attorney. This instrument directed that decedent's estate be divided into five equal parts and bequeathed equal shares to a sister, two brothers and a nephew and the fifth share in trust for the benefit of another sister. Following the execution of this instrument it was retained by decedent. Decedent's attorney thereafter prepared another instrument, in the form of a will, which decedent executed on May 15, 1951. By this document decedent revoked all prior wills and directed that his estate be divided into five equal parts, four of which he bequeathed in separate trusts for his two sisters and his two brothers and the fifth of which he gave outright to his nephew. Each of these instruments nominated the nephew as executor and trustee. The later instrument was retained by the attorney and a copy of it was delivered to decedent.

On June 24, 1952, an instrument consisting of two sheets of paper in decedent's handwriting was signed by him before a single witness. The opening sentence of this paper reads: " This addenda to my will dated as above [June 24, 1952] is made for one purpose, that Albert Mercer, my brother shall have no part of my estate at my death ". This sentence is followed by an explanation of decedent's action, a bequest to the brother in the form of a release of a debt said to be owed by the brother and a direction reading: " The portion that would have gone to him, I wish to give to ' Northwestern University ' to be used as a loan to deserving students ".

On November 28, 1952, decedent wrote at the foot of the last page of the instrument dated January 23, 1951, the following words: " I, Henry D. Mercer residing in the Borough of Manhattan, City and County and State of New York, being of sound mind and memory do hereby change my will, to read as follows,

I desire that portion which was to go to Albert Mercer, be herewith cancelled. And that my very dear friend Martha Shields — 10 Park Ave. New York be given the sum of $5000.00 and that the sum of $500.00 be given to the Textile Square Fund, for Poor Children. My family all know the reason why I am cutting my brother Albert out of my will ''. Decedent subscribed this before two witnesses.

The instruments dated May 15, 1951, and November 28, 1952, have been offered for probate as the last will and codicil of decedent. Decedent's brother Albert Mercer has filed objections to the probate of these papers on the grounds that the instrument dated November 28, 1952, was not duly executed as a testamentary writing and that such instrument and the instrument dated May 15, 1951, were procured by fraud and undue influence. Another brother and a sister of decedent have answered the petition and have alleged that the instrument dated November 28, 1952, was a codicil to the instrument dated January 23, 1951, and, as such codicil, republished the January 23, 1951 instrument as decedent's last will and revoked the intermediate instrument dated May 15, 1951.

At the conclusion of the trial it was held that the instruments dated January 23, 1951, May 15, 1951, and November 28, 1952, were duly executed in accordance with section 21 of the Decedent Estate Law, that on each of such dates decedent was competent to make a will and that he was free from restraint. The objections to probate of the instruments dated May 15, 1951, and November 28, 1952, on the grounds that the latter was not duly executed and that both were procured by fraud and undue influence are dismissed. A further determination now is required as to the admission to probate of one or more of the three duly executed testamentary instruments. The issue is whether the instrument of November 28, 1952, operates as a codicil to the will of January, 1951, or as a codicil to the will of May, 1951.

The proponent contends that the codicil and the will of later date should be admitted to probate. The answering respondents assert that the codicil and the will of earlier date should be admitted to probate for the reason that the codicil was intended to be a republication and a revival of the earlier will. Such a revival of the January, 1951, will would revoke the intervening will of May, 1951. (*Matter of Campbell*, 170 N. Y. 84, 87.)

The question is one of determining testator's intention at the time he executed the codicil. Did he intend to modify the then existing and effective will which he had executed in May, 1951, or did he intend the previously revoked paper of January, 1951,

to be reinstated as his will and, as modified by the codicil, to be his last testament? In *Matter of Campbell (supra)* the testatrix made her intention clear by an explicit reference in her codicil to the earlier of two previously executed wills dated respectively 1897 and 1899. Her codicil declared itself to be "a 'codicil to the last will and testament of Miss Ellen Campbell, which bears date July 6, 1897' ". Further evidences of intention, summarized in the court's opinion, were found in the circumstances of the codicil's execution and in its text. The court said (p. 86–87): "Of course, there can be no question that the purpose of the testatrix was to re-establish her earlier will; for the title given to the instrument, its subject-matter and the circumstances of its preparation, with the will before her, clearly indicate it. Equally clear, too, should it be that the testatrix purposed the abandonment of her second will." The facts appear in the Surrogate's opinion (35 Misc. 572) and were that testatrix, during her last illness, sent for an attorney and, upon his arrival at her home, informed him that she desired to make some alterations in her will; that he requested its production; that a nurse handed it to the attorney who then read its provision to testatrix and that testatrix then made suggestions as to alterations and changes. The first clause of the codicil authorized a hospital to use a sum, theretofore bequeathed to it, to maintain a ward for cripples and revoked a provision for the erection of a hospital building. The provision for the erection of a building was contained in the 1897 will and not in the 1899 will. It is seen from these facts that the testamentary provisions read to testatrix and those which she intended to modify were the provisions of the 1897 will, that the modifications made by her were applicable to that will and that her codicil by express declaration was directed to that instrument.

Similar evidence is not present in the case at bar. Here the codicil makes no explicit reference to either will and nothing in its text can be said to identify either instrument. The modifications contained in the codicil are applicable equally to either instrument. The instrument is a holograph and the known circumstances of its preparation are that on the date the paper bears the testator went to the safe-deposit company where for some time he had leased a safe, that he was accompanied by an unidentified person, that he removed the safe to a booth and later came from the booth and asked two vault attendants to act as attesting witnesses. The codicil so subscribed by him was written at the foot of the January, 1951 will. It cannot be said that the codicil was so written after a reading of the provisions

of that will. It is apparent that the facts of the *Campbell* case are not comparable to the facts in the present case. The cases of *Kip* v. *Van Cortland* (7 Hill 346); *Matter of Storms* (3 Redf. 327); *Brown* v. *Clark* (77 N. Y. 369); *Matter of Klein* (177 Misc. 555) and *Matter of Knapp* (23 N. Y. S. 282) also were concerned with the question of revival and republication of a will by the execution of a codicil, but in each of these cases the codicil expressly referred to and identified the will affected. (See, also, *Matter of Neff*, 48 Pa. 501.)

In the absence of a declaration of intention by either explicit or implicit reference in the instrument itself and in the absence of an indication of intention in the circumstances surrounding the instrument's preparation and execution, it must be assumed that a testator intends a codicil to operate upon an instrument which is his will rather than to assume that a testator intends a codicil to modify an instrument which, by reason of effective revocation, is not his will. The sole basis for a finding of intention to modify the revoked will of this testator is the fact that he chose to write the codicil at the foot of the revoked instrument. This is a fact that did not exist in the *Campbell* case. In *Kip* v. *Van Cortland* (*supra*), there were passing references to the effect of a codicil indorsed upon a will. But the statements there made were concerned with the effect of a codicil as a republication of a will when an intermediate will was not involved and the identity of the affected will was not in dispute. Other instances of the republication of a revoked will by a codicil indorsed upon it or attached to it where an intermediate will was not existing have no present relevancy. A dispute as to whether a codicil referred to an existing will or a revoked will was present in *Matter of Trost* (38 Misc. 404), where it was held that a will revoked by a subsequent will was not revived by the mere writing of a codicil upon it without other showing of an intention to republish it.

The indorsement of a codicil upon a previously revoked will must be given consideration as indicative in some manner of a testator's intention. The extent to which such an act proves an intention must depend upon the surrounding circumstances. If the facts are that a testator had two instruments before him, his choice of one of them upon which to write his codicil would suggest that he intended the codicillary modification to apply to the instrument selected. When a testator had but one of the two instruments available to him, his indorsement upon the one at hand would not necessarily be expressive of a preference. The latter is the fact situation here. This testator had the revoked

will in his safe and his attorney held the existent will. There was no evidence that testator had a copy of the latter will in his safe on the date of the codicil and, consequently, it appears that he indorsed the codicil upon the instrument available to him.

At the date of the codicil, testator had an effective will. His intention to revoke this instrument is an essential element of any act that can be considered a revocation. He clearly expressed an intention to modify his will, not to revoke it in its entirety. He did not identify the will to which he referred. In the absence of other facts, it would be assumed that he intended to modify the will that was effective rather than an instrument that was without legal effect. Some evidence of a contrary intention, clearer than the use of the revoked paper, should be required to destroy the effective will and republish the revoked instrument. The court does not regard the writing upon the revoked instrument, without reference in the writing to that instrument or other identification of it, as a sufficient basis for a holding that the revoked will was republished and the effective will was revoked. The will of May 15, 1951, and the codicil dated November 28, 1952, will be admitted to probate.

The foregoing conclusions have been reached without consideration of the testimony of the witness Havener as to a conversation with testator. Objections made earlier in the hearing apply to this testimony and it is stricken out.

Submit decree on notice.