Joseph A. Cox, S.
Three instruments dated respectively June 13, 1954, December 22, 1955 and February 14, 1956 were offered for probate as decedent’s last will. The paper of earliest date was admitted to probate as decedent’s will by a decree of June 26, 1956 which reserved determination upon the application for probate of the later papers as codicils to the will. The objections to the probate of these instruments have been tried and such objections are dismissed. The court finds that the instruments dated respectively December 22, 1955 and February 14, 1956 were duly executed in conformity with section 21 of the Decedent Estate Law, that the decedent at such time was competent to make a will and was free from restraint.
A special guardian for infant parties asks that probate be denied the codicil dated December 22, 1955 upon the ground that the decedent expressly revoked this instrument by the codicil of later date. The special guardian relies upon the rule of law enunciated in Matter of Campbell (170 N. Y. 84), although that decision was not based upon analogous facts inasmuch as the issue there was whether a will which concededly had been revoked by a later will was revived by an instrument in which the testator declared it to be a codicil to the revoked will rather than a codicil to the existing will (cf. Matter of Mercer, 207 Misc. 346, affd. 286 App. Div. 997). Here there is no question as to the revival of a previously revoked testamentary instrument and the only problem is that of ascertaining the intention of the testatrix from a reading of all of the instruments which together comprise her will (Decedent Estate Law, § 2; Bloodgood v. Lewis, 209 N. Y. 95; Ward v. Ward, 105 N. Y. 68).
The seventh article of the instrument executed as decedent’s will on June 13, 1954 disposed of her residuary estate. The codicil of December 22, 1955 amended this residuary provision by excluding therefrom certain real properties in Texas and in Cuba and by making a particular disposition of these properties. The codicil of February 14, 1956 added to the original will a new article which specifically devised real property in Texas and real property in Cuba to named individuals as tenants in common. If the real properties there referred to are the same properties identified in the earlier codicil, and it seems probable *469 that they are, the disposition, contained in the instrument of latest date superseded the dispositions of the same property contained in either the original will or the earlier codicil.
It is suggested that the reference in the second codicil to the will of June 13,1954 and the clause in that codicil ratifying and confirming such will, without mention of the first codicil, effected a revocation of this intervening codicil but this conclusion is not one that is required from a reading of the second codicil and, in the absence of a clear testamentary expression to the contrary, it is not to be concluded that the most recent instrument destroyed earlier testamentary provisions except to the extent that the last instrument is inconsistent with the earlier ones (Herzog v. Title Guar. & Trust Co., 177 N. Y. 86). Despite the fact that the second codicil was silent as to the earlier codicil, the earlier codicil is deemed ratified as to the portions of its contents which are neither repugnant to nor inconsistent with the latest instrument (Matter of Cable, 213 App. Div. 512, affd. 242 N. Y. 510; Matter of Miller, 201 Misc. 279).
At this time the court lacks sufficient information as to the decedent’s real estate holdings to conclude that the two codicils dispose of identical assets but if this is the fact a construction of the will would not appear to be required. There also seems to be only a remote possibility that at any later time particular testamentary language may require interpretation in order to define the devises in the will but such an issue, which may involve the application of foreign laws and may require resort to foreign tribunals, is not now raised.
The two codicils are admitted to probate. ' Submit decree on notice.