Mary H. REMON and Ruth R. Wenzel, Appellants,

v.

AMERICAN SECURITY AND TRUST COMPANY, Executor,

Estate of John Allen Remon, deceased, Appellee.

No. 15990.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 30, 1961.

Decided Feb. 23, 1961.

---

Mr. Daniel B. Maher, Washington, D. C., for appellants.

Mr. John F. Cooney, Washington, D. C., with whom Mr. Francis P. Noonan, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and FAHY and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

The District Court, holding a Probate Court, ruled that where a second codicil republishes a will, a first or intermediate codicil "falls by the wayside." The testator's wife and daughter who had been named executrices in the first codicil bring this appeal.

John Allen Remon executed his will on March 24, 1951, in which he named American Security & Trust Company (herein, the Bank) as Executor and also as Trustee as to certain trusts created with substantial detail. On March 4, 1959, he published a "First Codicil," reciting that whereas he had named the Bank as Executor and now desired to change the appointment, "I hereby revoke the appointment" of the Bank, and "I hereby nominate, constitute and appoint my wife * * * and my daughter * * * as co-executrices of my Last Will and Testament."[1] He thereupon ratified and republished his will "in all respects except as modified by this codicil thereto."

Revocation of the appointment of the Bank was thus accomplished.[2] His intention could not have been made more certain.

Our Code provides:

"No will or codicil, or any part thereof, which shall be in any manner revoked shall, after being revoked, be revived otherwise than by the re-execution thereof, or by a codicil executed in the manner hereinbefore required, and then only to the extent to which an intention to revive is shown."[3]

With revocation of the appointment of the Bank complete, followed by the appointment of the testator's wife and daughter as co-executrices, as shown, nothing short of a clear intention to revive the original appointment can satisfy the statute. Even a republication of the will merely ratifies the will as modified by its codicils.[4] The different instruments are to be read together as the expression of a single

---

1. With further particularity he specified:
    I give to my wife, Mary Hyland Remon, and my daughter, Ruth Remon Wenzel, or the survivor of them, as executrix or executrices, all the powers, authority, and discretion which were by my said Last Will and Testament conferred upon the American Security and Trust Company, a corporation, as executor.

2. Moreover, the revocation of appointment comports with the requirements of D.C. Code, § 19–103 (1951).

3. D.C.Code, § 19–108 (1951).

4. Third Nat. Bank v. Scribner, 1939, 175 Tenn. 14, 130 S.W.2d 126, 123 A.L.R. 1385; In re Miller's Will, 1951, 201 Misc. 279, 108 N.Y.S.2d 186, 188; In re Van

testamentary act. Of course, if a later codicil is so inconsistent with earlier provisions that all may not stand, a different problem arises, and one codicil will revoke another if it be unmistakably clear that the testator so intended.[5]

Applying such principles, it is clear that the testator by his second codicil did not revoke the appointment of his wife and daughter as co-executrices. Without reference to the First Codicil, the later instrument of October 1, 1959, was described by the testator as "a codicil" to his will. The second codicil merely interpolated into the original will of March 24, 1951, a bequest to a friend, renumbered the paragraphs of his will accordingly, and then reaffirmed its provisions. Read together, the instruments may clearly be reconciled to continue the Bank as Trustee but to appoint the wife and daughter to execute the will.

The court erred in appointing the Bank as Executor.

Reversed.

Ingen's Estate, 1944, 183 Misc. 281, 47 N.Y.S.2d 818, 822; Syfer v. Dolby, 1943, 182 Md. 139, 32 A.2d 529, 534. The law of wills and probate here prevailing derives from that of Maryland. Pascucci v. Alsop, 79 U.S.App.D.C. 354, 147 F.2d 880, certiorari denied 1945, 325 U.S. 868, 65 S.Ct. 1406, 89 L.Ed. 1987.

5. Shey's Appeal, 1900, 73 Conn. 122, 46 A. 832, and see, generally, 1927, 51 A.L.R. 728 note; 1939, 123 A.L.R. 1408 note; 1958, 59 A.L.R.2d 149 note; 1926, 40 Harv.L.Rev. 71, 80–81.