**Edward Phillip HAHN, Jr., Petitioner,**

v.

**Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Respondent.**

**Civ. No. 39575.**

United States District Court
N. D. California, S. D.

May 1, 1961.

Lawrence F. Salisbury, San Francisco, Cal., for petitioner.

Laurence E. Dayton, U. S. Atty., Charles W. Getchell, Jr., Asst. U. S. Atty., San Francisco, Cal., for respondent.

OLIVER J. CARTER, District Judge.

Edward P. Hahn, Jr., hereinafter referred to as petitioner, filed an action for declaratory relief with this Court pursuant to Title 28 U.S.C. § 2201, and in-

---

[1]. See other cases cited under Note 413, 28 U.S.C.A. § 1441.

cidental thereto a motion to proceed in forma pauperis, which was granted on December 2, 1960. Petitioner's original application for declaratory relief named the United States Board of Parole as respondent, but on January 26, 1961, Paul J. Madigan, Warden, was substituted in place of the United States Board of Parole. The Government has filed a motion to dismiss the action for declaratory relief on the ground that the United States Board of Parole is an indispensable party and that this Court does not have jurisdiction over that agency.

The United States Marshal lodged a warrant detainer with the state authorities of the State of Colorado on May 23, 1960. The basis for the issuance of the warrant detainer was that petitioner had violated his conditional release from federal custody. Petitioner was in state custody facing criminal charges which were subsequently dismissed on August 17, 1960, and was turned over to the federal authorities on this latter date. Petitioner contends that service of the remaining time on his federal sentence should have commenced from May 23, 1960, rather than August 17 as fixed by the United States Board of Parole.

The United States Court of Appeals for the District of Columbia Circuit has held that the Declaratory Judgment Act does provide a remedy to challenge the actions of the United States Board of Parole. See Hurley v. Reed, D.C.Cir. 1961, 288 F.2d 844. See also Robbins v. Reed, 1959, 106 U.S.App.D.C. 51, 269 F.2d 242. However, the suit must be maintained in Washington, D. C. rather than in the District where the prisoner is incarcerated.

In Carson v. Meador, D.C.S.D.Cal.1954, 120 F.Supp. 260, 262, the court states:

" * * * the Court in this District does not have jurisdiction over the Board of Parole or its members concerning their functions at the seat of government. The Court cannot revise an order of that Board."

The Fifth Circuit also is of the opinion that any complaint a prisoner has against the Parole Board must be determined in Washington, D. C. Howell v. Hiatt, 5 Cir., 1952, 199 F.2d 584.

On this point the Court of Appeals for the District of Columbia states in the Hurley case, supra, that:

" * *. * The appellant here had, we think, originally two methods of approach—by habeas corpus where he was confined, or by declaratory judgment in the District of Columbia." 288 F.2d 849.

■ This Court is in accord with that sentiment to the extent that an action for declaratory relief cannot be maintained in this district.

■ Even if habeas corpus were available to this petitioner in this district, and no determination of this point is here made, the petitioner would not prevail. As stated in Doherty v. United States, 9 Cir., 1960, 280 F.2d 35, 38:

" * * * The time begins to run only after a warrant has issued for the retaking of the prisoner and 'he is returned to the custody of the Attorney General under said warrant * * *' His return to 'custody' does not determine whether he shall be required to serve out his sentence but only when that service shall begin. Consequently the term 'custody' can only refer to the immediate physical control of the prisoner, regardless of whether his parole violation has temporarily made him inaccessible to the Attorney General's power by warrant to apprehend and reincarcerate him."

See also: Teague v. Looney, 10 Cir., 1959, 268 F.2d 506. The petitioner was not returned to the custody of the Attorney General until August 17, 1960, which is the date from which his service has been computed.

The motion to dismiss must be granted.

It is ordered that petitioner's action be, and the same is hereby dismissed.