Nathan R. Sobel, S.
Only an issue of law- — ■“ Has the propounded 1958 instrument been revoked? ” — is at issue in this proceeding.
Testator died in 1971, a resident of this county. He left a modest estate consisting of personal property in New York and real property in Barbados, West Indies.
In 1958 he executed a will in New York. In that will he devised his real property in Barbados to two sisters residing there. His entire residuary consisting of personal property he bequeathed to his brother residing in New York.
In 1968 while on a visit to Barbados he there executed a will. This is what he said:
“ 1. This is the Last Will and Testament of me, Richard Bernard Grant of 389 Chauncey Street, Brooklyn, New York, in the United States of America, but at present residing at St. Stephen, Black Rock in the Parish of St. Michael in this Island, hereby revoking and making void all other wills and testamentary dispositions by me at any time heretofore made.
*1025 “ 2. This will is to apply only to my real estate in Barbados * * * and not to any of my real or personal property in the United States of America. ’ ’
The 1968 Barbados will contained no residuary clause. It did not dispose of any of testator’s assets except the real property in Barbados. That property he devised to the same two sisters named in the New York will but as life tenants rathgr than in fee. The fee was devised to a nephew, son of one of the sisters. The latter is also the attorney-draftsman of the Barbados will.
These Barbados devisees do not contest the New York will. The contestants are a brother and sister, New York residents, who are not beneficiaries under either will. They contend that the later 1968 Barbados will by its express terms revoked the earlier 1958 New York will with the consequence that testator died intestate with respect to his personal property in New York.
Paramount is the intention of the testator. His intention must be ascertained from the entire will and, where there are two wills, from a reading of both. (Matter of Platz, 44 Misc 2d 596; Matter of Andrews, 195 Misc. 421; Matter of Miller, 201 Misc. 279; Matter of Wuppermann, 164 Misc. 900.)
There is nothing imperative about a revocation clause. Like any other provision in a will, its effect depends on the intention to be gathered from both instruments.
Some indicia of intention are mentioned. The 1968 will does not dispose of the New York assets. It contains no residuary disposition. It is in that respect harmonious with the New York will. The sole inconsistency is with respect to the real property in Barbados; in that one regard both wills may be given effect.
The revocation clause is express. But it must be read in conjunction with the next expression of testator’s intention — “ This will is to apply only to my real estate in Barbados — and not to any of my real or personal property in the United States of America. ’ ’
In determining intention resort may be had to the constructional preferences. The constructional preference against intestacy and for complete disposition stands on firm ground. One who takes the trouble to make not one but two wills hardly intends that some of his property shall pass in intestacy.
It is concluded from a reading of both wills that the revocation clause was intended to apply only to the prior disposition of the real property in the 1958 New York will. It was not purposed to revoke the disposition of ‘ ‘ any of my real or personal property in the United States of America ’ ’. It is probable that *1026 the draftsman of the Barbados will was unskilled in drafting testamentary instruments affecting New York estates.
No will has its precise twin. But courts in this and other jurisdictions have reached like conclusions with respect to revocation clauses in cases similar enough to warrant citation. (See Matter of Smith, 254 N. Y. 283; Allen v. Beemer, 372 Ill. 295; Van Wert v. Benedict, 1 Bradf. [N. Y.]114; Blackford v. Anderson, 286 N. W. 735 [Iowa]; Matter of Steel, N. Y. L. J., Dec. 16, 1971, p. 15; Matter of Miller, 110 N. Y. S. 2d 228.)
On the law, the 1958 New York will shall be admitted to probate upon proper proof. The decree shall provide that the disposition of the real property in Barbados under paragraph 2 of the 1958 will is revoked by the 1968 Barbados will there admitted to probate.