Mango v. Buzzfeed, Inc.

# United States Court of Appeals
# for the Second Circuit

August Term, 2019

(Argued: February 24, 2020          Decided: August 13, 2020)

Docket No. 19-446-cv

_____

GREGORY MANGO,

*Plaintiff-Appellee,*

v.

BUZZFEED, INC.,

*Defendant-Appellant.*

_____

Before:

LIVINGSTON, PARK, AND NARDINI, *Circuit Judges.*

Gregory Mango, a photographer, sued BuzzFeed, Inc., for using one of his photographs without crediting him in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b)(3).  The district court (Marrero, *J.*) awarded Mango statutory damages, and BuzzFeed appealed, arguing that it did not know its conduct would lead to future, third-party copyright infringement. On review, we hold that the DMCA does not require Mango to prove that BuzzFeed knew its actions would lead to future, third-party infringement, so the district court properly awarded damages.  **AFFIRMED.**

> MICHELLE MANCINO MARSH (Lindsay Korotkin, Peter L. Menchini, *on the brief*), Arent Fox LLP, New York, NY *for Defendant-Appellant.*

JAMES H. FREEMAN, Liebowitz Law Firm, PLLC, Valley Stream, NY *for Plaintiff-Appellee*.

PARK, *Circuit Judge*:

This appeal concerns the publication of a photograph without the photographer's permission or correct attribution. BuzzFeed, Inc., an online media company, published a news article containing a photograph of a man taken by Gregory Mango, a freelance photographer, without crediting him. Mango sued BuzzFeed for removal or alteration of copyright management information ("CMI") under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b)(3), and the district court awarded statutory damages after a one-day bench trial.

A removal-or-alteration-of-CMI claim under Section 1202(b)(3) of the DMCA requires a plaintiff to show that the defendant distributed copyrighted work "knowing that [CMI] has been removed or altered" without authorization and "knowing, or . . . having reasonable grounds to know, that [such distribution] will induce, enable, facilitate, or conceal [a copyright] infringement." 17 U.S.C. § 1202(b). BuzzFeed argues that it cannot be held liable under the DMCA because there was no evidence that it knew its conduct would lead to future, third-party

2

infringement of Mango's copyright. We hold that the DMCA does not require such evidence and affirm the judgment of the district court.

# I. BACKGROUND

A. <u>Facts</u>

Mango is a freelance photographer who regularly licenses his photos to newspapers, including the *New York Post*. BuzzFeed is an online media company that produces news, entertainment, and lifestyle content on its websites and various social media platforms. This case concerns a photograph Mango took of a man named Raymond Parker (the "Photo"), who was the lead figure in a discrimination lawsuit filed by federal prosecutors against the City of New York. In January 2017, the *New York Post* licensed the Photo and published it alongside an article titled "Bharara sues city over NYPD rejecting man with HIV." Below the Photo, the article included Mango's name, an attribution known in the industry as a "gutter credit."

Almost three months later, a BuzzFeed journalist named Michael Hayes published an article about Parker and included the Photo. Hayes did not ask Mango for permission to use the Photo. Instead of listing Mango's name in the gutter credit, Hayes listed the name of Parker's attorneys' law firm, Fisher &

Taubenfeld. A six-year veteran of the company, Hayes had written over 1,000 articles for BuzzFeed, all of which included a photograph, and it was Hayes's custom to give credit to photographers by "name or by photo outlet." App'x 157. Hayes had asked Fisher & Taubenfeld for a photo of Parker, but ultimately downloaded the Photo from the *New York Post* website himself. Hayes claimed that one of Parker's attorneys at Fisher & Taubenfeld "advised" him to use the Photo he had downloaded. App'x 194. Parker's attorney did not recall such a conversation, but said she had difficulty imagining that she gave Hayes "permission to use a picture that [she] had no authority to give permission for." App'x 219.

B.    Procedural History

Mango filed a two-count complaint against BuzzFeed in the U.S. District Court for the Southern District of New York, alleging (1) copyright infringement under the Copyright Act, 17 U.S.C. §§ 106, 501, and (2) removal or alteration of CMI under the DMCA, 17 U.S.C. § 1202(b). *See Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 371 (S.D.N.Y. 2019). Mango sought statutory damages of $30,000 for his copyright infringement claim, $5,000 for his DMCA claim, and attorneys' fees under 17 U.S.C. § 505. *Id.* at 374, 378–79. Prior to trial, BuzzFeed stipulated to

4

liability on the copyright infringement count. *Id.* at 371. After a one-day bench trial, the district court found BuzzFeed liable on the DMCA count and awarded damages on both counts. *Id.* at 379.

The district court held that under the "double-scienter" requirement of Section 1202(b)(3) of the DMCA, plaintiffs must prove (1) "actual knowledge . . . that CMI was removed and/or altered without permission," and (2) "constructive knowledge . . . [that] such distribution 'will induce, enable, facilitate, or conceal an infringement.'" *Id.* at 377 (quoting 17 U.S.C. § 1202(b)). After concluding that Mango's gutter credit constituted CMI and that BuzzFeed distributed the Photo with altered and missing CMI, the district court held that (1) BuzzFeed knew CMI had been removed and altered without permission, rejecting as not credible Hayes's claims that he believed he had obtained permission; and (2) "BuzzFeed had reasonable grounds to know that such removal and distribution concealed a[n] . . . infringement." *Id.* at 373–74, 377. The court awarded $3,750 in statutory damages for copyright infringement and $5,000 in statutory damages for violation of the DMCA. *Id.* at 379. It also ruled that Mango was entitled to reasonable attorneys' fees and costs, *id.,* and later awarded $65,132.50 in fees and $1,810.03 in

5

costs under 17 U.S.C. § 505. *See Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 371 (S.D.N.Y. 2019) This appeal, which concerns only the DMCA claim, followed.

## II. APPLICABLE LAW

A. <u>Standard of Review</u>

"We review questions of statutory interpretation *de novo*." *United States v. Epskamp*, 832 F.3d 154, 160 (2d Cir. 2016) (citation omitted). "[A]fter a bench trial, we review the district court's finding of fact for clear error and its conclusions of law *de novo*. Mixed questions of law and fact are also reviewed *de novo*." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 n.2 (2d Cir. 2013) (citation omitted). "This Court is not allowed to second-guess the factfinder's credibility assessments, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Williams*, 943 F.3d 606, 610 (2d Cir. 2019) (internal quotation marks and citation omitted).

B. <u>The Digital Millennium Copyright Act</u>

Congress enacted the DMCA in 1998 "to strengthen copyright protection in the digital age." *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d Cir. 2001). "Fearful that the ease with which pirates could copy and distribute a copyrightable work in digital form was overwhelming the capacity of

conventional copyright enforcement to find and enjoin unlawfully copied material, Congress sought to combat copyright piracy in its earlier stages, before the work was even copied." *Id.*

The DMCA prohibits the removal or alteration of CMI "conveyed in connection with" creative works. 17 U.S.C. § 1202(c). CMI includes "[t]he name of, and other identifying information about, the author . . . [or] copyright owner of the work." *Id*. § 1202(c)(2)–(3).[1] Section 1202(b) of the DMCA states:

> No person shall, without the authority of the copyright owner or the law . . .
> > (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, *knowing* that copyright management information has been removed or altered without authority of the copyright owner or the law,
> *knowing*, or, with respect to civil remedies under section 1203, *having reasonable grounds to know*, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

*Id.* § 1202(b) (emphasis added). Section 1202(b)(3) contains a so-called "double-scienter" requirement: the defendant who distributed improperly attributed

---

[1] The DMCA, by its express terms, contains no requirement that a copyright owner personally affix CMI. We therefore reject BuzzFeed's argument that Mango's gutter credit cannot constitute CMI because he did not personally affix it to the Photo in the *New York Post* article. *Cf. GC2 Inc. v. Int'l Game Tech.*, 391 F. Supp. 3d 828, 845 (N.D. Ill. 2019) ("Nowhere does the text of section 1202 suggest that removal of copyright management information is only a violation if that information was placed on the copyrighted materials by the plaintiff itself. Such a reading would lead to the absurd result where a copyright owner who contracts with another entity to manufacture their products—and in the process to affix copyright management information—could not avail itself of the DMCA's removal provisions.").

copyrighted material must have actual knowledge that CMI "has been removed or altered without authority of the copyright owner or the law," as well as actual or constructive knowledge that such distribution "will induce, enable, facilitate, or conceal an infringement." *Id.*

A plaintiff must thus prove the following: (1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant "distribute[d] . . . works [or] copies of works"; (3) while "knowing that [CMI] has been removed or altered without authority of the copyright owner or the law"; and (4) while "knowing, or . . . having reasonable grounds to know" that such distribution "will induce, enable, facilitate, or conceal an infringement." *Id.*; *see also Fischer v. Forrest*, ___ F.3d ___, Nos. 18-cv-2955, 18-cv-2959, 2020 WL 4457943, at *5 (2d Cir. Aug. 4, 2020) (stating the general elements for establishing a Section 1202(b) claim).

## III. DISCUSSION

The question presented on appeal is whether the DMCA requires proof that a defendant knew, or had reasonable grounds to know, that its conduct would lead to future, third-party infringement. Because the plain language of the statute does not require such evidence, the district court did not err in finding BuzzFeed liable.

8

"As in all statutory construction cases, we begin with the language of the statute. The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *United States v. Am. Soc'y of Composers, Authors, & Publishers*, 627 F.3d 64, 72 (2d Cir. 2010) (citation omitted). "When the language of a statute is unambiguous, judicial inquiry is complete." *Id.* (citation omitted).

A.    The DMCA's Double-Scienter Requirement

The DMCA's first scienter element requires that a defendant distributing copyrighted material have actual knowledge that CMI "has been removed or altered without authority of the copyright owner or the law." 17 U.S.C. § 1202(b).

The second scienter element of the DMCA requires that a defendant know or have reason to know that distribution of copyrighted material despite the removal of CMI "will induce, enable, facilitate, or conceal an infringement." *Id.* On its face, "an infringement" is not limited by actor (*i.e.*, to third parties) or by time (*i.e.*, to future conduct). So while future copyright infringement by a third party may constitute "an infringement" under Section 1202(b), nothing in the statutory language limits its applicability to such downstream infringement.

First, "an infringement" is not limited to the infringing acts of third parties. The plain meaning of the statutory language also encompasses an infringement committed by the defendant himself. This includes the knowing, unauthorized infringement that serves as the basis for establishing the first scienter element of Section 1202(b). In other words, a defendant's awareness that distributing copyrighted material without proper attribution of CMI will conceal *his own* infringing conduct satisfies the DMCA's second scienter requirement.

Second, "an infringement" is not limited to future infringing conduct. Although the word "will" indicates future action, in the context of Section 1202(b), it is used in conjunction with the words "induce, enable, facilitate, or conceal," not "an infringement." *Id.* So the statutory language requires constructive knowledge of future *concealment*, not future infringement.

We thus reject the argument that a defendant must know or have reason to know about likely future infringement by third parties.[2] Instead, Section

---

[2] In addition, interpreting Section 1202(b) to limit liability to defendants with knowledge of likely future infringements by third parties would be inconsistent with the purpose of the DMCA, which is to provide broad protections to copyright owners. *See Murphy v. Millenium Radio Grp. LLC*, 650 F.3d 295, 303 (3d Cir. 2011) ("As for the purpose of the statute as a whole, it is undisputed that the DMCA was intended to expand—in some cases . . . significantly—the rights of copyright owners.").

1202(b)(3) also encompasses "an infringement" that, upon distribution, "will . . . conceal" the fact of *that* infringement.

B.      Application

The district court correctly applied the DMCA in this case. The district court found that Buzzfeed, through Hayes, (1) distributed the Photo knowing that Mango's gutter credit had been removed or altered without Mango's permission, and (2) distributed the Photo with a gutter credit reading "Fisher & Taubenfeld" knowing that doing so would conceal the fact that Hayes did not have authority to use the Photo. *Mango*, 356 F. Supp. 3d at 378. Based on these findings, the district court properly concluded that BuzzFeed violated the DMCA.

First, the district court did not err in finding that BuzzFeed distributed the Photo "knowing that [CMI] ha[d] been removed or altered without authority of the copyright owner or the law." 17 U.S.C. § 1202(b)(3). The district court rejected the assertion that Hayes did not know that he had removed CMI and affixed erroneous CMI without authorization. It found Hayes's shifting and self-serving explanations for his use of the Photo without proper attribution not to be credible.[3]

---

[3] BuzzFeed argues that the district court erred by basing its analysis of the first scienter requirement on BuzzFeed's stipulation of liability on the copyright infringement claim. BuzzFeed stresses that the stipulation stated in relevant part that it "shall not be construed to have any effect

11

Second, the district court did not err in finding that BuzzFeed distributed the Photo "knowing, or . . . having reasonable grounds to know, that it will . . . conceal an infringement." *Id.* Hayes's testimony that he "understood from his training and experience that he was required to get permission to use photographs" provided a sufficient basis for the conclusion that Hayes "should have reasonably known that altering the gutter credit to include a false attribution to Fisher's law firm would have wrongfully implied that BuzzFeed had permission to use the Photograph, thus concealing its infringement." *Mango*, 356 F. Supp. 3d at 378. In sum, the district court did not commit clear error—to the contrary, it carefully weighed Hayes's testimony and demeanor in light of his extensive experience in the industry.

BuzzFeed relies on the Ninth Circuit's decision in *Stevens v. Corelogic, Inc.*, 899 F.3d 666 (9th Cir. 2018), to argue that the district court erred by failing to require evidence that BuzzFeed had constructive knowledge of likely future,

---

on whether or not liability exists as to any other claim, including but not limited to Mango's claim under 17 U.S.C. § 1202, nor as to any factual or legal issue pertaining to intent or damages, or any other matter not expressly stipulated herein." App'x at 151. We reject this argument because the district court did not base its first scienter analysis on the stipulation. To be sure, the court at one point noted that BuzzFeed had distributed the Photo without permission, as established by the stipulation; however, that fact was irrelevant to the first scienter analysis, which instead required the court to determine that BuzzFeed distributed the Photo while knowing that its CMI had been removed or altered without authorization. Because, as discussed above, the court separately found that this requirement was satisfied, its reference to the stipulation was immaterial.

third-party infringement.[4] *Stevens*, however, does not help BuzzFeed here. Unlike Mango, the plaintiffs in *Stevens* did not allege—let alone prove—an underlying claim of copyright infringement that would support the knowing concealment of either that infringement or another. *See id*. at 675 (explaining the lack of "any evidence indicating that CoreLogic's *distribution* of . . . photographs ever 'induce[d], enable[d], facilitate[d], or conceal[ed]' *any particular act of infringement by anyone*") (second emphasis added); *see also Stevens v. Corelogic, Inc.*, 194 F. Supp. 3d 1046, 1053 (S.D. Cal. 2016) (explaining that plaintiffs "allege no cause of action for infringement" and "provide no evidence that the absence of metadata led to actual copyright infringement"), *aff'd*, 899 F.3d 666. Because the plaintiffs in *Stevens* could not show infringement by the defendants, they instead attempted to prove that the alleged removal of CMI in the form of photo metadata increased the risk of downstream infringement by others. Thus, because *Stevens* did not address whether a defendant's own infringement satisfies Section 1202(b)(3)'s second scienter requirement, it is not in tension with our decision here.

---

[4] Mango argues that BuzzFeed waived any arguments based on *Stevens* by failing to cite that case in the district court. Yet BuzzFeed has consistently maintained that Mango failed to show that BuzzFeed had the requisite *mens rea* under Section 1202(b)(3), and its citations to *Stevens* on appeal thus do not raise a new argument but rather lend further support to an argument fully aired below. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 697 F.3d 154, 161 n.3 (2d Cir. 2012).

C.    Attorneys' Fees

Finally, Mango seeks an award of attorneys' fees incurred in defending this appeal, which he calls "baseless."   This appeal is not frivolous or objectively unreasonable, however, because the interpretation of Section 1202(b)(3) is "a relatively novel issue," *Agence France Presse v. Morel*, No. 10-cv-2730, 2015 WL 13021413, at *4 (S.D.N.Y. Mar. 23, 2015), *aff'd*, 645 F. App'x 86 (2d Cir. 2016), and a question of first impression for this Court.   Mango points to no other circumstances warranting an award of attorneys' fees here, and the request is therefore denied.

## IV. CONCLUSION

For the reasons set forth above, the district court's judgment is affirmed.